IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| GEORGE MASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO. 3:05-cv-752-F |
| AMERICAN INTERNATIONAL GROUP, INC.; | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR AN EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION TO REMAND FOR THE PURPOSE OF CONDUCTING REMAND-RELATED DISCOVERY

COME NOW Defendants American General Financial Services of Alabama, Inc. (improperly designated as American General Finance Inc. in the complaint), as successor to American General Finance, Inc., Merit Life Insurance Company, and Yosemite Insurance Company (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure and specifically preserving the right to seek arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby submit this response to Plaintiff's Opposition to Defendants' Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery. In support of their response, Defendants show unto the Court the following:

1417085

## I. **INTRODUCTION**

On or about September 22, 2005, Defendants filed a Motion for an Extension of Time to Respond to Plaintiff's Motion to Remand for the Purpose of Conducting Remand-Related Discovery ("Motion for an Extension of Time"). Therein, Defendants demonstrated that, due in large part to Plaintiff's intentionally vague allegations and Defendants' inability to locate copies of Plaintiff's 12-year old loans, remand-related discovery is necessary to formulate a proper response to Plaintiff's Motion to Remand. On or about September 22, 2005, Plaintiff filed his Opposition to Defendants' Motion for an Extension of Time ("Opposition"). Plaintiff argued in his Opposition that Defendants' request for additional time should be denied because it is a "fishing expedition" that will, due to the large number of additional cases Plaintiff's counsel anticipates filing, unnecessarily burden this Court.

Plaintiff's contentions are completely unfounded. Remand-related discovery is necessary only for the following reasons: to determine exactly which loan(s) Plaintiff places at issue; to locate the loan documents for said loan(s);[1] to determine whether Kathie Rowell (the "Non-Diverse Defendant"), the only non-diverse Defendant, was involved in said loan(s); to determine whether Plaintiff received documents in connection with said loan(s) putting him on notice of his fraud claims; and to clarify Plaintiff's vague allegations with respect to said loan(s). These findings are absolutely crucial to determining the propriety of removal in the present action and in no way evidence a "fishing expedition" on the part of Defendants. Indeed, this discovery would not be necessary but for Plaintiff's intentionally vague allegations, which lack any

---

[1] As demonstrated in their Motion for an Extension of Time, Defendants have been unable, despite much effort, to locate loan documents evidencing a 1993 loan with Plaintiff. This lack of loan documents has severely hampered Defendants' ability to fully respond to Plaintiff's Motion to Remand.

specificity about his claims. Thus, Plaintiff's conduct, not that of the Defendants, has facilitated the need for remand-related discovery.

Plaintiff also contends that the Court should deny remand-related discovery because Plaintiff's counsel anticipates filing a large number of these cases, which would result in undue burden on the Court. That disingenuous argument is not grounds for denying Defendants' request to conduct remand-related discovery. Under such an argument, Plaintiff's counsel could always avoid federal jurisdiction by merely filing numerous frivolous lawsuits with allegations too vague to formulate a proper response thereto. For these reasons and others demonstrated in detail below, Defendants' Motion for an Extension of Time is due to be granted.

## II. ARGUMENT

Contrary to what Plaintiff would have the Court believe, Defendants' removal of the present action is not an example of "remove now" and "ask questions later". Defendants made quite clear in their Notice of Removal the bases for diversity jurisdiction, demonstrating that the Non-Diverse Defendant has been fraudulently joined as Plaintiff's claims against her are, on their face, time-barred by the applicable two year statute of limitations and substantively meritless. Moreover, Defendants established that the amount in controversy requirement is satisfied by citing an abundance of Alabama decisions involving similar claims where the Plaintiffs were awarded damages in excess of $75,000.[2] Accordingly, Defendants seek

---

[2] Because Plaintiff seeks an unspecified amount of damages, Defendants are only required to show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1357 (11th Cir. 1996). Federal courts in Alabama adjudicating similar claims have repeatedly acknowledged that the citation of analogous cases suffices to show that the amount in controversy more likely than not exceeds the jurisdictional requirement. See Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319 (M.D. Ala. 2003)(After careful review of the cases cited by the defendant, the Court concluded that said defendant had sufficiently demonstrated that the amount in controversy requirement had been met.); Fowler v. Provident Life and Accident Insurance Co., 256 F. Supp. 2d 1243 (N.D. Ala.

discovery merely to confirm what they already know and have already shown to be true -- that this Court has diversity jurisdiction over the present action.

### A. Defendants Need to Conduct Remand-Related Discovery in Order to Confirm that the Non-Diverse Defendant Has Been Fraudulently Joined.

Federal district courts are empowered to order remand-related discovery if they see fit to do so, a maxim adopted by Judge Steele in Thomas R. Rayborn and Evon S. Rayborn v. Principle Equity Mortgage, Inc., et al., Civil Action No. 03-0575-WS-C (S.D. Ala. October 15, 2003), a decision relied heavily upon by Plaintiff in his Opposition.[3] As demonstrated in Defendants' Motion for an Extension of Time, such discovery is needed in the present action to confirm that the Non-Diverse Defendant has been fraudulently joined.

Fraudulent joinder occurs where "there is no possibility that the Plaintiff can prove a cause of action against the resident (non-diverse) defendant."[4] In the present action, there can be no possible cause of action against the Non-Diverse Defendant because Plaintiff's claims against said Defendant are time-barred by the applicable statute of limitations and because Plaintiff's claims against said Defendant substantively fail as a matter of law. Remand-related discovery is needed, however, to substantiate these contentions.

### 1. Remand-Related Discovery is Needed to Determine the Non-Diverse Defendants' Level of Involvement in the Loan(s) at Issue.

First and foremost, Defendants need additional time to determine the level of Plaintiff's contacts, if any, with Kathie Rowell on the loan(s) at issue. As mentioned above, Defendants do

---

2003); (same); Bullock v. United Benefit Ins. Co., 165 F. Supp. 2d 1255 (M.D. Ala. 2001) (same).

[3] See also Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001); Steele v. Underwriters Adjusting Co., 649 F.Supp. 1414 (M.D. Ala. 1986).

[4] Fowler v. Provident Life and Accident Insurance Co., 256 F. Supp. 2d 1243, 1246 (N.D. Ala. 2003) (citing Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998)).

1417085

4

not currently possess any documents reflecting a loan with Plaintiff in 1993. As such, it is possible that Plaintiff never even dealt with Kathie Rowell on the loan(s) at issue and that he is precluded from asserting a cause of action against said Defendant. The lack of available information, however, prohibits a conclusive finding one way or another. As such, this Court should grant Defendants' Motion for an Extension of Time.

> 2. **Remand-Related Discovery is Needed to Demonstrate that Plaintiff's Fraud Claims Against the Non-Diverse Defendant are Time-Barred by the Statute of Limitations.**

As demonstrated in Defendants' Motion for an Extension of Time, federal courts in Alabama have repeatedly found fraudulent joinder, and denied motions to remand, in virtually identical cases where the applicable statute of limitations bars all claims against a non-diverse defendant.[5] Plaintiff's fraud claims against the Non-Diverse Defendant are governed by a two year statute of limitations.[6] Alabama courts have held that this two year limitations begins to run "when the plaintiff discovers the fraud or when the plaintiff should have discovered the fraud in the exercise of reasonable care."[7] The law is now clear that "fraud is discoverable as a matter of law for purposes of the statute of limitations when one receives documents that would put one on

---

[5] See Owens v. Life Ins. Co. of Georgia, 289 F. Supp. 2d 1319 (M.D. Ala. 2003); Fowler v. Provident Life and Accident Insurance Co., 256 F. Supp. 2d 1243 (N.D. Ala. 2003); Bullock v. United Benefit Ins. Co., 165 F. Supp. 2d 1255 (M.D. Ala. 2001); Wakeland v. Brown & Williamson Tobacco Corp., 996 F. Supp. 1213 (S.D. Ala. 1998).

[6] Because no specific limitations period is prescribed for Plaintiff's fraud claims, they are all governed by the general, two (2) year statute of limitations period outlined in ALA. CODE § 6-2-38(l). See, e.g., Ex parte American General Finance, Inc., 795 So. 2d 685, 686-87 (Ala. 2000); Lott v. Tarver, 741 So. 2d 394, 397 (Ala. 1999); Liberty Nat'l Life Ins. Co. v. Parker, 703 So. 2d 307, 308 (Ala. 1997).

[7] Fabre v. State Farm Mut. Auto. Ins. Co., 624 So. 2d 167, 168 (Ala. 1993). Accord Lott v. Tarver, 741 So. 2d at 397; K & C Dev. Corp. v. AmSouth Bank, N.A., 597 So. 2d 671, 676 (Ala. 1992).

such notice that the fraud reasonably should be discovered."[8] Given the above, it is clear that fraud claims accrue, and the statute of limitations begins to run, when plaintiffs receive documents putting them on notice of the alleged fraud. See id.

In the present action, Plaintiff advances a variety of vague allegations with respect to loans he obtained in 1993 from Defendants. (See Plaintiff's Complaint, ¶¶11-21). Specifically, Plaintiff asserts that the Non-Diverse Defendant misrepresented that credit insurance was a "good deal" and that purchasing such insurance would improve his chances of being approved for the loans in question. (Plaintiff's Complaint, ¶¶11, 14). Moreover, Plaintiff alleges that the non-diverse Defendant misrepresented to him that refinancing prior debt would save him money. (Plaintiff's Complaint, ¶13). Though Defendants have been unable to locate documents evidencing a 1993 loan with Plaintiff, loan documents from that time period contain language at odds with these alleged misrepresentations. (The Affidavit of Robert S. Ritter authenticating the loan documents of James Poole, a plaintiff in an identical lawsuit filed by Plaintiff's counsel, is attached to Defendant's Motion as Exhibit "A"; a copy of James Poole's 1993 loan documents is attached to the Affidavit of Robert S. Ritter as Exhibit "A(1).").

Specifically, Plaintiff's 1993 loan documents would have disclosed all of the relevant financial terms, including the amount financed, finance charge, total of payments, interest rate, amount of monthly payment, and total number of payments. (See Exh. A(1)). Plaintiff could have, and should have, easily used this information to ascertain whether refinancing prior loans and consolidating existing debt was in his financial best interests. Similarly, Plaintiff's 1993

---

[8] Ex parte American General Finance, Inc., 795 So. 2d at 689-90. Accord Liberty Nat'l Life Ins. Co. v. Parker, 703 So. 2d at 308; Foremost Ins. Co. v. Parham, 693 So. 2d 409, 422 (Ala. 1997); Jackson v. Secor Bank, 646 So. 2d 1377, 1379 (Ala. 1994); Kelly v. Connecticut Mut. Life Ins. Co., 628 So. 2d 454, 458 (Ala. 1993); Fabre v. State Farm Mut. Auto. Ins. Co., 624 So. 2d at 169.

loan documents would have clearly disclosed the premiums for all insurance products purchased. (See id.). Plaintiff could have, and should have, easily used this information to ascertain whether purchasing Defendants' insurance products was, in fact, a "good deal."

With regard to the optional nature of credit life and credit disability insurance, Plaintiff's 1993 loans would have disclosed:

> INSURANCE: Credit life and credit disability insurance are not required to obtain credit and will not be provided unless you sign and agree to pay the additional cost. You understand that we anticipate profits from the sale of insurance and you consent thereto if you select such insurance.

(Ex. A(1)). With respect to the optional nature of personal property insurance, Plaintiff's 1993 loans would have stated: "You are not required to purchase or have property insurance to secure this loan." (Ex. A(1)). Following these disclosures, Plaintiff would have been required to provide his signature below a statement denoting his desire to purchase the different types of credit insurance, if he in fact purchased such insurance. (Ex. A(1)).

Given the above, as long as Plaintiff received these documents, which he would have in the ordinary course, then it is clear that Plaintiff's loan documents would have put him on notice of Defendant's alleged fraud and triggered the statute of limitations in 1993. Remand-related discovery is necessary, however, to (a) determine whether Plaintiff even obtained a loan in 1993 from Defendants; (b) locate documents evidencing said loan(s); (c) demonstrate that the loan documents from any such loan put Plaintiff on notice of the claims asserted; (d) demonstrate that Plaintiff received a copy of the loan documents in question; and (e) ultimately demonstrate that Plaintiff's claims against the non-diverse Defendant are time-barred by the applicable statute of limitations. As such, Defendants' Motion for an Extension of Time is due to be granted.

3.  **Remand-Related Discovery is Needed to Demonstrate that Plaintiff's Fraud Claims Against the Non-Diverse Defendant Substantively Fail as a Matter of Law.**

Remand-related discovery is needed to demonstrate that Plaintiff's claims against the Non-Diverse Defendant substantively fail as a matter of law because Plaintiff could not have reasonably relied on said Defendant's alleged misrepresentations. The Alabama Supreme Court has held that recovery under a fraud theory necessitates a showing that Plaintiff "reasonably relied" on the alleged misrepresentations. See Foremost Ins. Co. v. Parham, 693 So.2d 409, 421 (Ala. 1997). Under this standard, "[i]f the circumstances are such that a reasonably prudent person who exercised ordinary care would have discovered the true facts," then Plaintiff's reliance on the alleged misrepresentations was not reasonable, and "the plaintiffs should not recover." Massey Automotive, Inc. v. Norris, 895 So.2d 215, 220 (Ala. 2004) (quoting Torres v. State Farm Fire & Casualty Co., 438 So.2d 757, 759 (Ala. 1983)).

As with the aforementioned statute of limitations analysis, this reasonable reliance inquiry hinges on whether Plaintiff received documents containing information from which, with the exercise of due care, Plaintiff could have discovered the true facts. As demonstrated above, Defendants' 1993 loan documents contain disclosures that would put a reasonable person on notice of the fraud claims at issue and preclude reasonable reliance on any misrepresentations to the contrary. Remand-related discovery is necessary, however, to (a) determine whether Plaintiff even obtained a loan in 1993 from Defendants; (b) locate documents evidencing said loan(s); (c) demonstrate that the loan documents from any such loan put Plaintiff on notice of the Non-Diverse Defendants' alleged misrepresentations, precluding reasonable reliance thereon; and (d) demonstrate that Plaintiff received a copy of the loan documents in question. As such, Defendants' Motion for an Extension of Time is due to be granted.

### B. Judge Steele's Decision in *Rayborn* is Distinguishable from the Present Action.

In his Opposition, Plaintiff relies heavily upon Judge Steele's denial of remand-related discovery in Thomas R. Rayborn and Evon S. Rayborn v. Principle Equity Mortgage, Inc., et al., Civil Action No. 03-0575-WS-C (S.D. Ala. October 15, 2003). Plaintiff's reliance thereon is misguided, however, as that decision is distinguishable from the present action.

First and foremost, the defendants in Rayborn sought remand-related discovery regarding only the amount in controversy. As such, the Court's order and the opinions expressed therein have little to no bearing on the issues before this Court, which deal primarily with fraudulent joinder. Additionally, Judge Steele noted that the defendant in Rayborn had presented no reasonable basis for meeting its burden of proof and was attempting to "place the cart before the horse." As demonstrated above, however, Defendants have clearly set forth the bases for diversity jurisdiction by demonstrating that the jurisdictional requirement is satisfied and by showing that Plaintiff's claims are, on their face, time-barred by the applicable statute of limitations. As such, Defendants' Motion for an Extension of Time is not an attempt to "ferret out" evidence of federal jurisdiction after the fact. Rather, Defendants are merely seeking to confirm with additional discovery what they have already shown to be true.

Finally, Judge Steele's decision to deny remand-related discovery in Rayborn was made simple by the plaintiff's motion to remand, which included an itemized list of the improper fees and charges comprising the plaintiff's damages. The Court found this itemized list of fees and charges to be "quite instructive to [defendant] in weighing its contention that the jurisdictional threshold is satisfied," and in the absence of evidence to the contrary, saw no need for additional discovery. In contrast, Plaintiff has provided no such evidence that the Non-Diverse Defendant

was properly joined in the present action, and additional discovery is needed to confirm that said Defendant has, in fact, been fraudulently joined.

Based on the foregoing, Judge Steele's decision in <u>Rayborn</u> is clearly distinguishable from the present action and should play no part in this Court's analysis of Defendants' Motion for an Extension of Time.

### C. The Fifth Circuit's Decision in *Smallwood* is Not Applicable in the Present Action.

In his Opposition, Plaintiff claims that Defendants' basis for fraudulent joinder is "really an attack on the merits of the entire case" and, as such, fails under the Fifth Circuit's *en banc* decision in <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568 (5th Cir. 2004). In <u>Smallwood</u>, the Fifth Circuit adopted a "common defense" exception -- that is, an exception whereby a finding of improper joinder may not be based on a defense that is common to all defendants and necessarily dispositive of all claims against all defendants. <u>Id.</u> at 574-75. Accordingly, where defendants seek to prove improper joinder by demonstrating the plaintiff's inability to recover against the in-state defendants:

> [a] showing that the plaintiff's case is barred as to all defendants is not sufficient. When the **only** proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, **and that showing is equally dispositive of all defendants** rather than to the in-state defendants alone, the requisite showing has not been made.

<u>Id.</u> at 575 (emphasis added).

The Eleventh Circuit has not applied <u>Smallwood's</u> common defense exception in its fraudulent joinder analysis, and, as previously demonstrated, requires only that there be no possibility of recovery against the resident defendant for a finding of fraudulent joinder. See <u>Tillman v. R.J. Reynolds Tobacco</u>, 253 F.3d 1302, 1305 (11th Cir. 2005) (citing <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998); <u>Coker v. Amoco Oil, Co.</u>, 709 F.2d

1417085                              10

1433, 1440 (11th Cir. 1983)). As such, the Smallwood exception does not apply to the present action, and this Court should not consider said exception in its fraudulent joinder analysis.

Even if applied by the Eleventh Circuit, Smallwood's common defense exception affects only a very small class of cases. As the Fifth Circuit explained in Smallwood:

> [O]ur holding today is narrow. It applies only in that limited range of cases where the allegation of improper joinder rests **only** on a showing that there is no reasonable basis for predicting that state law would allow recovery against the in-state defendant **and that showing is equally dispositive of all defendants**.

Id. at 576 (emphasis added).[9] The narrow scope of Smallwood was underscored by the Fifth Circuit's subsequent decision in Rainwater v. Lamar Life Ins. Co., 391 F.3d 636 (5th Cir. 2004). In a per curiam opinion, the Rainwater panel remanded the case before it to the district court for further analysis of whether the statute of limitations defense that barred claims against the in-state defendant was likewise "dispositive of **all** claims against **all** defendants." Id. at 638. (emphasis in original). According to the Rainwater court, the case before it "turn[ed] ... on whether the limitations defense that disposes of all claims against in-state defendants in fact disposes of **all** claims against **all** defendants, as the principle of Smallwood is triggered only when all defendants are reached." Id. (emphasis added).

Smallwood's common defense exception was further limited by the Fifth Circuit's recent decision in Boone v. CitiGroup, Inc., 416 F.3d 382 (5th Cir. 2005), a consumer finance suit with

---

[9] In Smallwood, the district court found improper joinder on the ground that the claims against the in-state defendant were preempted by federal law. See id. at 572. Having reached that conclusion, the court then applied "law of the case" and granted summary judgment for the out-of-state defendant on the ground that all the remaining claims were preempted as well. Id. Thus, in Smallwood, the only basis for improper joinder was a legal defense —preemption— that as a matter of law also precluded all the claims against the other defendants. In the majority's view, because the resolution of the claims against the in-state defendant "**necessarily compel[led]** the same result for the nonresident defendant," then the defendant had shown merely "a lawsuit lacking in merit," rather than improper joinder. Id. at 574 (emphasis added).

allegations virtually identical to those in the present action. In Boone, consumer borrowers brought suit against a non-resident lender and its corporate affiliates, as well as individual residents of Mississippi for a variety of fraud claims. Id. at 385-86. The defendants removed the action to federal court on the ground that the non-diverse individual defendants had been fraudulently joined. Id. at 388. "In particular, CitiGroup argued that, in light of remand-related discovery, there was no reason to believe that any of [plaintiffs'] claims against the non-diverse [defendants] were timely under Mississippi's three-year statute of limitations." Id. at 388-89. "The district court agreed and denied remand primarily on the ground of limitations." Id. at 389. The plaintiffs appealed the district court's decision and argued that under Smallwood, there was no fraudulent joinder because the statute of limitations, if it precluded their claims against the non-diverse defendants, necessarily precluded their claims against all defendants. Id.

In denying the plaintiffs' appeal, the Fifth Circuit reiterated the narrow reach of Smallwood, as well as its inapplicability to remand motions in consumer finance cases such as the present action:

> [T]he crux of Smallwood II's holding is that "only" where the showing that there is no reasonable basis for predicting state law would allow the plaintiff to recover against the resident defendant is such that the **same** showing "equally" and "necessarily" "compels" the conclusion that recovery is precluded against "all" non-resident defendants, then there is no improper joinder, but simply a wholly meritless suit. That is not the situation here.
>
> Although it is true that the district court denied remand and granted summary judgment on the basis of the same residual statute of limitations, it is not true that the statute of limitations defense assertion by the resident defendants "equally" and "necessarily" "compel[led]" dismissal of **all** claims against all the diverse defendants.
>
> \*   \*   \*
>
> Appellants underscored at oral argument that their claims against the diverse corporate defendants were not simply premised on

1417085

12

>vicarious liability for the tortious acts of the three non-diverse individual appellees working for First Family. However, in properly conceding that at least some of their claims against the non-resident defendants are analytically distinct from and in addition to their respondeat superior claims against those defendants based on the wrongs allegedly committed by the resident defendants, appellants have conceded that the failure of their claims against the resident defendants does not in and of itself cause those of which are not based on respondeat superior liability for the wrongs committed by the resident defendants to fail as well.

Id. at 390-92 (emphasis in original).

After Boone, it is clear that a defense precluding recovery against individual resident defendants does not "equally" and "necessarily" preclude recovery against corporate non-resident defendants where at least some of the claims against the corporate non-resident defendants are analytically distinct from, and in addition to, the claims against the individual resident defendants. Id. With that said, at least one of Plaintiffs' claims against the non-resident corporate Defendants in the present action -- the claim for negligent and/or wanton hiring, training, and supervising -- is analytically distinct from, and in addition to, the claims against the individual resident defendants as such claims can *only* be asserted against the corporate non-resident Defendants. See Bridges v. Principal Life Ins. Co., 141 F.Supp.2d 1337, 1340 n. 3 (M.D. Ala. 2001)(noting that claims of negligent supervision must necessarily be brought against the insurer and not against the insurer's agent). Thus, even after a finding of fraudulent joinder in the present action, **at least** one claim would necessarily remain for separate disposition against the corporate non-resident Defendants. This case therefore falls outside the exception in Smallwood, where the finding of improper joinder was followed immediately by the automatic disposition of all remaining claims based on the same legal ruling.[10]

---

[10] E.g., Queen v. American General Finance, Inc., 351 F.Supp.2d 576, 578-80 (S.D. Miss. 2005)("After an improper joinder analysis is conducted, the contractual claims against the out of state defendants survive. Those claims are asserted solely against the out of state defendants

Additionally, the applicable statutes of limitation in the present action apply to each defendant severally, rather than jointly. See Weinstein v. Sea View, Inc., 188 F.2d 116, 119 n.6 (5th Cir. 1951). Accordingly, a court's resolution of claims against one defendant based on the statute of limitations does not necessarily compel the same result with regard to claims against another defendant as required by Smallwood. Rather, a separate inquiry must be undertaken with regard to each defendant. For this additional reason, Smallwood's narrow common defense exception does not apply to the present action.

### D. Remand-Related Discovery Will Not Unduly Burden the Court.

Equally without merit is Plaintiff's contention that this Court should be "leery" of permitting remand-related discovery because of the experience of federal courts in Mississippi with permitting such discovery. As Defendants have already established, federal courts in Mississippi have not only routinely permitted remand-related discovery, they have also denied the plaintiffs' motions to remand and are now in the process of either granting summary judgment for the defendants, or dismissing with prejudice the plaintiffs' claims for failure to prosecute these meritless claims.[11] Thus, for Plaintiff to imply that federal courts in Mississippi

---

inasmuch as only the out of state defendants are in privity of contract with the plaintiffs. ...The requirement of a separate analysis of the contractual claims places this case outside the scope of Smallwood. Accordingly, the Court finds that the Rainwater opinion provides the most persuasive analysis. As a result, the plaintiffs' renewed motion for reconsideration is not well-taken"); accord Wingate v. Kerr-McGee Rocky Mountain Corp., no. 1:04cv513, 2005 WL 161221 at *4 (E.D. Tex. Jan. 26, 2005)(quoting Rainwater, 391 F.3d at 638 (emphasis in original))("Smallwood, however, applies only when *"all* claims against *all* defendants" are barred by a common defense").

[11] In fact, just recently, in a matter brought by Plaintiff's counsel in Mississippi, the Honorable W. Allen Pepper dismissed with prejudice for failure to prosecute the plaintiffs' claims in *Tommie Faye Jones, et al. v. American International Group, Inc., et al.*, In the United States District Court for the Northern District of Mississippi, Greenville Division, Civil Action Number: 4:02cv98-P-B. Attached hereto as Exhibit "B" is a copy of Judge Pepper's decision.

somehow regret their decision to permit remand-related discovery is simply incorrect. Rather, they are in the process of cleaning these baseless lawsuits out of the courts.

Also without merit is Plaintiff's argument that this Court will be overburdened by permitting remand-related discovery because Plaintiff's counsel intends to file a large number of these cases. In that event, Plaintiff's counsel would be burdening the Courts with frivolous lawsuits, not Defendants, who have the right to invoke diversity jurisdiction whenever appropriate, such as in this case, regardless of the number of meritless lawsuits Plaintiff's counsel threatens to file.

### III. CONCLUSION

Notwithstanding Plaintiff's claims to the contrary, Defendants request for leave to conduct remand-related discovery is neither a "fishing expedition" nor a "delay tactic." Rather, such discovery is necessary to substantiate Defendants' previously established removal argument and to clarify Plaintiff's vague allegations. Moreover, the necessary discovery should, in no way, complicate or unnecessarily prolong the proceedings. As such, this Court should grant Defendants' Motion for an Extension of Time

Respectfully submitted,

/s/ Matt T. Mitchell

Robert H. Rutherford (RUT002)
David A. Elliott (ELL027)
Matthew T. Mitchell (MIT050)

Attorneys for Defendants

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 SouthTrust Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2006, I electronically filed the foregoing Response to Plaintiff's Opposition to Defendants' Motion for an Extension of Time to Respond to Plaintiffs' Motion to Remand for the Purpose of Conducting Remand-Related Discovery with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: Jere L. Beasley, Thomas J. Methvin, C. Lance Gould, Thomas Julian Butler, David A. Elliott, Robert H. Rutherford, Jeffrey M. Grantham, and John Thomas Aquina Malatesta.

_____
OF COUNSEL