| LICENSED OFFICE: (CREDITOR) | Finance, Inc. A Subsidiary of American General Corporation | FEDERAL DISCLOSURE STATEMENT | AMERICAN GENERAL |
|---|---|---|---|

AMERICAN GENERAL FINANCE, INC.
1342 OPELIKA ROAD
AUBURN
ALABAMA

Account Number: 00850044

BORROWER(S) (NAMES & ADDRESS)

MASON, JR., GEORGE,
R1 2 BOX 451 LOT 26
TUSKEGEE, AL, 36083

| Date of Loan | First Payment Due Date | Other Payments Due on Same Day of Each Month | Final Payment Due Date | Amount of First Payment / Amount of Balloon Payment | Amount of Other Payments | Total Number of Payments / Term of Loan | **Late Charge |
|---|---|---|---|---|---|---|---|
| 12/04/93 | 01/08/94 | | 12/08/95 | 99.25 | 99.25 | 24 | $100 |

1$ 1920.17 Amount Financed
2$ 161.53 FINANCE CHARGE
3  21.50 % ANNUAL PERCENTAGE RATE
4$ 2381.00 Total of Payments

AMOUNT FINANCED is the amount of credit provided to you or on your behalf. (Line 1 above)
FINANCE CHARGE is the dollar amount the credit will cost you. (Line 2 above)
ANNUAL PERCENTAGE RATE is the cost of your credit as a yearly rate. (Line 3 above)
TOTAL OF PAYMENTS is the amount you will have paid after you have made all payments as scheduled. (Line 4 above)

LATE CHARGE: If a payment is more than 10 days late, you will be charged 5% of the late amount, not to exceed the amount shown above and not less than $.50. (Does not apply to interest bearing loans.)

PREPAYMENT: If you pay off early, you
☐ may  ☒ will not   have to pay a penalty.
☒ may  ☐ will not   be entitled to a refund of part of the finance charge.

SECURITY
You are giving a security interest in:
☐ The goods or property being purchased
☒ Motor vehicle    1-1982 Dats PK Pick-Up VIN #JN6MD06Y8CW100641;
☒ Other_____1 Remington 12gauge Shotgun;2 GE VCR;_____

☐ You are giving a security interest in your real estate located at:_____

☐ The previous Mortgage or Deed of Trust is being retained as security on your loan.

ASSUMPTION: Someone buying your house may not assume the remainder of the mortgage on the original terms.

INSURANCE: Credit life insurance, credit disability insurance and credit involuntary unemployment insurance are not required to obtain credit and will not be provided unless you sign and agree to pay the additional cost. You understand that we anticipate profits from the sale of credit insurance and you consent thereto if you select such insurance. If a rescission period applies, there is no credit life coverage during the three day rescission period.

| Type | Premium | Signature | |
|---|---|---|---|
| Single Decreasing Term Credit Life | $ N/A | I want single credit life insurance. Signature: | First Named Borrower |
| Joint Decreasing Term Credit Life | $ N/A | We want joint credit life insurance. Signatures: | First Named Borrower / Second Named Borrower |
| Single Decreasing Term Credit Life & Single Disability | $ 109.57 | I want single credit life and disability insurance. Signature: /George MAson Jr | First Named Borrower |
| Joint Decreasing Term Credit Life & Single Disability on First Named Borrower | $ N/A | We want joint credit life and single disability insurance. Signatures: | First Named Borrower / Second Named Borrower |
| Involuntary Unemployment Insurance | $ N/A | I want involuntary unemployment insurance. Signature: | First Named Borrower |

CREDIT INSURANCE (LIFE AND DISABILITY AND INVOLUNTARY UNEMPLOYMENT) CANCELLATION OPTION
CANCELLATION: If you desire to do so you may, without penalty or obligation, within fifteen days for life and disability or thirty days for involuntary unemployment insurance from the date of loan set forth above, cancel, all but not part of, the credit insurance coverages by returning all credit insurance certificates received in connection with this loan to the office where the loan was made. Upon cancellation, a full rebate of all credit insurance premiums will be made.

PERSONAL PROPERTY INSURANCE DISCLOSURE
You are not required to purchase or to have property insurance to secure this loan. If you choose to have such insurance and the amount financed and value of the property exceeds $300, you may obtain property insurance from anyone you want. You should consider any homeowner's or other insurance which you may already have when deciding to purchase property insurance with this loan.
Within 15 days of purchasing property insurance on this loan and providing you have no claims, you may obtain a full refund of the cost of the insurance by surrendering your policy or by making a written request to this office for cancellation of the policy.
If you get property insurance from or through the creditor, it will be for a term of 24 months and you will pay $ 54.90
I/We want property insurance.        /George MAson Jr    Signature
                                                          Signature

You may obtain physical damage insurance from anyone you want or provide it through an existing policy, provided the insurance company is acceptable to the creditor and the amount financed and value of the property exceeds $300. If you get physical damage insurance from or through the creditor, it will be for a term of N/A months and you will pay $ N/A

See your contract documents for any additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

I/We have received a copy of this Federal Disclosure Statement.

_____/George MAson Jr_____  11-8-93
First Named Borrower         Date

_____  _____
Second Named Borrower (if Applicable)   Date

001-00002 (D-F-H-I-L-N) ALABAMA MINI-CODE AND INTEREST AND USURY (7-93)

EXHIBIT D

MASON0016

PAYEE (WE, US, OUR) Finance, Inc.
A Subsidiary of American General Corporation

**NOTE**

**AMERICAN GENERAL**

AMERICAN GENERAL FINANCE, INC.
1848 OPELIKA ROAD
AUBURN          ALABAMA 36830

ACCOUNT NO: 30485002

BORROWER(S) (NAMES & ADDRESSES):
MASON, JR, GEORGE,
RT 2 BOX 451 LOT 26
TUSKEGEE, AL, 36083

Due Date: 08
Number of Payments: 20
Term at Least: 24
Last Charge: $100

Your interest will be computed by the method shown here. See A. or B. below for specific provisions: **B**

Date of Note: 12/08/93
First Payment Due Date: 01/08/94
Final Payment Due Date: 12/08/95
Amount of Payment: 99.25 / 99.25

### ITEMIZATION OF AMOUNT FINANCED

1. $ NONE Premium to Life Insurance Co. (Joint Coverage)
2. $ 38.11 Premium to Life Insurance Co. (Single Coverage)
3. $ 71.46 Premium to Disability Insurance Co.
4. $ 54.90 Premium to Property Insurance Co.  $1500.00 Amount
5. $ NONE Premium to Physical Damage Insurance Co.
6. $ 10.00 Premium to Non Filing Insurance Co.
7. $ NONE Paid to Public Officials for Certificate of Title Fees
8. $ NONE Paid to Public Officials for Recording and Releasing Fees
9. Appraiser for Appraisal Fee ... NONE   PAID TO ____
10. Mortgage Impairment Ins. ... NONE    PAID TO ____
11. Title Exam Fee/Title Insurance ... NONE  PAID TO ____
12. Taxes Paid to Gov. Agency ... NONE
13. Abstract Fees ... NONE   PAID TO ____
14. Involuntary Unemployment Insurance NONE   PAID TO ____
15. Paid on Prior Account with Lender $ 1083.97
16. Amount Paid to you or on your behalf itemized below $ 662.03    $ ____ TO ____

17. $ 1920.47 Amount Financed (Sum of lines 1 thru 16)
    % Agreed Rate of Charge
18. $ 461.53 FINANCE CHARGE    AS 25.00 Interest Surcharge
19.   21.60 %ANNUAL PERCENTAGE RATE   NONE Prepaid Finance Charge (Points)
20. $ 2382.00 Total of Payments   CS 436.53 Interest
    $1945.47 Principal Amount of Loan (17 + 18)

$ 662.03 YOU

In this note, the words you, yours and your mean each and all of those who signed it as a Borrower. The words we, us and our mean Payee (Creditor).

A. **INTEREST BEARING:** If shown above, you agree to pay the Principal Amount of Loan together with interest on the unpaid principal balances at the Agreed Rate of Charge set forth. The total of the Principal Amount of Loan and such scheduled interest is to be repaid in monthly installments.

B. **PRECOMPUTED:** If shown above, you agree to pay the Total of Payments shown which includes the Amount Financed and Charges to maturity which have been precomputed at a rate authorized by law to yield the Annual Percentage Rate set forth assuming all payments are made as scheduled.

**THE FOLLOWING APPLIES TO PRECOMPUTED LOANS ONLY:**

DEFAULT CHARGE: If you fail to pay an installment within 10 days of the date it is due, we may charge you 5% of the past due amount of the installment not to exceed the amount shown above and not less than 50¢.

DEFERRAL CHARGE: If we agree, you may postpone or defer the payment of any one or more wholly unpaid scheduled payments of the loan, and we may charge you an additional charge for each full month that any wholly unpaid scheduled payments are outstanding after the due date of each such payment equal to that proportion of the finance charge which the amount of the deferred monthly scheduled payment bears to the sum of all monthly balances originally scheduled.

PREPAYMENT IN FULL REBATE: You may prepay this loan in full at any time and receive a rebate credit of the unearned portion of the interest charge computed on the Rule of 78's as of the nearest scheduled payment due date. No refund of less than $1.00 will be made. If this loan is renewed or refinanced by us or our affiliate within 90 days from the loan date, then the interest charge shall be refunded on a daily pro rata basis as of the date of such renewal or refinancing. No refund of the surcharge will be made except that, if this loan is paid in full by any means within 90 days from the loan date, the surcharge will be refunded on a daily pro rata basis; however, we may retain an amount of no less than $4.00.

**THE FOLLOWING APPLIES TO ALL LOANS:**

TIME OF REPAYMENT: The first payment shall be due on the date indicated and the following payments shall be due on the same day of each succeeding month to and including the Final Payment Due Date.

ATTORNEY FEES: If the amount borrowed is over $300, you agree to pay reasonable attorney's fees should this loan be referred for collection to an attorney who is not a salaried employee of ours. Fees will not be in excess of 15% of the unpaid debt.

DELAY IN ENFORCEMENT: We may accept late payments or partial payments even though marked "payment in full", without losing any of our rights under this note. We may delay enforcing any of our rights under this note without losing them.

ENTIRE BALANCE DUE ON DEFAULT: If you don't pay a monthly installment on the day it is due, we may demand from you immediate payment of the entire amount of the unpaid principal balance of the loan and accrued but unpaid interest on such balance.

INTEREST AFTER FINAL DUE DATE: If there is any unpaid balance remaining on the Final Payment Due Date you agree to pay interest on that balance at the rates set forth, or at the highest lawful contract rate whichever is higher.

NSF CHECK CHARGE: In the event any payment made by check, draft, negotiable order of withdrawal or like instrument is dishonored by reason of insufficient funds in or on deposit in the depository institution, you agree to pay us a bad check charge of not more than the greater of either the amount shown above or an amount equal to the actual charge made by the depository institution for the return of unpaid or dishonored instruments.

CO-MAKERS: If you are signing this note as a co-maker, you understand that you are equally responsible with the borrower, although we may sue either of you. We are not required by law to notify you if this note is paid off. We can also alter the terms of payment and release a lien from any security without notifying you.

COPY RECEIVED: You acknowledge receipt of a completely filled-in copy of this note and a copy of the Statement of Disclosure on a separate sheet.

SIGNATURE: You have signed this note on the date of note in the presence of the persons identifying themselves below as witnesses.

NOTICE: The following NOTICE applies if you were referred to us by a seller of consumer goods or services and a substantial portion of the proceeds of this loan is used for the purchase of consumer goods from that seller:

**NOTICE**
**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU **SIGN** IT!

Witness: /s/ _____
Witness: Becky Reed
Witness: _____

_George Mason Jr._  L.S. (Seal)
(SIGNATURE OF PRINCIPAL BORROWER)
_____ L.S. (Seal)
(SIGNATURE OF OTHER BORROWER)
_____ L.S. (Seal)
(SIGNATURE OF OTHER BORROWER)

001-00002 (O-F-H-L-N) ALABAMA MINI-CODE AND INTEREST AND USURY (7-93)

COPY

MASON0020

SECURED PARTY — MORTGAGEE  Finance, Inc.
A Subsidiary of American General Corporation

AMERICAN GENERAL FINANCE, INC.
1848 OPELIKA ROAD
AUBURN                                ALABAMA

**AMERICAN GENERAL**

| ACCOUNT NO. | TYPE | DATE FINANCE CHARGE BEGINS TO ACCRUE IF DIFFERENT FROM DATE OF NOTE |
|---|---|---|
| 30485003 | 11 | |

MORTGAGOR(S) — DEBTOR(S) (NAMES & ADDRESS)

MASON, JR, GEORGE,
RT 2 BOX 451 LOT 26
TUSKEGEE, AL 36083

| Date of Note and this Mtge. | First Payment Due Date | Other Payments Due on Same Day of Each Month | Final Payment Due Date | Amount of First Payment / Amount at Balloon Payment | Amount of Regular Payment | Total Number of Payments / Term of Loan |
|---|---|---|---|---|---|---|
| 12/08/93 | 01/08/94 | | 12/08/95 | 99.25 | 99.25 | 24 |

$ 1970.47 Amount Financed
$ 151.53 FINANCE CHARGE
   21.60 % ANNUAL PERCENTAGE RATE
$ 2382.00 Total of Payments

KNOW ALL MEN BY THESE PRESENTS that the above named Mortgagor(s) hereby mortgages and pledges to the Mortgagee herein above named, (a) that certain motor vehicle(s) described below, together with all equipment and accessories thereunto now and hereafter attached and/or (b) the hereinafter described personal property, situated at the address where Mortgagor now resides, as set forth in the hereinafter mentioned promissory note, as security for the payment of a promissory note in the amount, date and terms stated above, subject to acceleration in time of payment in event of failure of Mortgagor to keep and perform certain conditions, provisions and stipulations therein and herein contained. Reference is hereby made to said promissory note now on file in the office of Mortgagee for the particular provisions thereof. This mortgage shall also secure any obligations given by Mortgagor to Mortgagee, and any future advances; and for any further indebtedness which shall hereafter be owing to Mortgagee by Mortgagor; it is contemplated by the parties hereto that future advances may be made which shall be secured by the herein described property and by virtue thereof this mortgage is given as security; and as security for the performance by Mortgagor of each of the covenants and conditions set forth below.

The conditions of this mortgage are as follows:

To secure payment of all sums due hereunder and under any other obligation given by Mortgagor to Mortgagee, Mortgagor does hereby grant, convey and mortgage unto said Mortgagee the herein described property to have and to hold the same forever, provided that if said Mortgagor shall fully pay said Mortgagee all sums due in cash and shall keep and truly perform all agreements and covenants herein, the this mortgage shall be void, otherwise to remain in full force and effect. Mortgagor warrants that the title of said property is vested in Mortgagor free of all liens and encumbrances. This chattel mortgage is given as security for money advanced.

Mortgagor shall keep said property free from all attachments, executions, liens, taxes and encumbrances, shall not use the same nor permit it to be used illegally, for hire, in any contest, or to be transferred, whether voluntarily or involuntarily and shall not remove the automobile from this state or remove the herein described furniture from the address where located on this date without the Mortgagee's written permission. Neither loss of nor injury to said property shall relieve Mortgagor from his obligations hereunder. Mortgagee, or the holder of this mortgage, is expressly given the right to go on public or private property in enforcing any of Mortgagee's rights hereunder without the same in any manner constituting a trespass against the Mortgagor(s) herein; consent to such entering by Mortgagee on public or private property is expressly given by Mortgagor(s).

The property described herein shall be at the Mortgagors risk and Mortgagor shall procure and maintain for the term hereof insurance against all physical damage risks at Mortgagor's expense all in such form and for such amount as Mortgagee may legally require, the proceeds thereof to be payable to the Mortgagor and Mortgagee as their interests shall appear. In the event Mortgagor does not secure or maintain such insurance as Mortgagee may legally require to be in effect for the term hereof, the Mortgagee may purchase such insurance effective from the beginning of the term hereof and at any time, and from time to time thereafter, although nothing herein contained shall impose upon the Mortgagee the duty so to do and Mortgagor agrees to reimburse the Mortgagee for the actual cost of such insurance to the extent the same is not included in Mortgagor's indebtedness owing to Mortgagee, the amount of such reimbursement together with interest thereon at an annual percentage rate equivalent to that charged on Mortgagor's indebtedness to constitute an additional obligation of the Mortgagor hereunder and to be paid in equal installments over the term of the insurance.

Mortgagors, where authorized by law hereby assign to the Mortgagee any monies not in excess of the unpaid balance of indebtedness which this instrument secures which may become payable under such other insurance including return on unearned premiums, and directs any insurance company to make payment directly to Mortgagee to be applied to said unpaid indebtedness and hereby appoints Mortgagee as attorney-in-fact to endorse any draft. In the event of default under the terms of this instrument, Mortgagee is authorized to cancel said insurance and credit any premium refund received against such unpaid indebtedness. All policies may be retained by Mortgagee. Any insurance collected by Mortgagee may be applied at Mortgagee's option to the repair and restoration of said property, or upon the indebtedness of Mortgagor. Mortgagor agrees to repay Mortgagee on demand any payment made by Mortgagee preserving or protecting the lien of this mortgage against attachments, executions, and other claims of lien. Mortgagor shall pay all filing fees and state stamp taxes.

Description of Mortgaged Property now located in or about Mortgagor's premises at the residence set forth above (in addition to the Motor Vehicle(s), if any, described herein.

All property listed as security, in a certain Federal Disclosure Statement executed by and delivered to the Mortgagor(s) on even date.

INSURANCE — The Mortgagor(s) will provide insurance against loss of or damage to the property as the Mortgagee may reasonably require if the amount financed, less any charges for insurance, is $300 or more and the value of the property is $300 or more.

| Year | Make | Model | Body Type | Vehicle Identification No. | N-U | No. Cyls. |
|---|---|---|---|---|---|---|
| 1982 | Dats | PK | PU | JN6MD06Y8CW100641 | U | 04 |

All of the covenants and obligations herein contained shall be considered joint and several covenants and obligations of each maker and co-maker hereof.

IN WITNESS WHEREOF, the Debtor(s) have hereunto set their hands and seals on the Date of Note.

ACCEPTED:                                                SIGNED:

_____                          George MASON JR.                    (SEAL)
(Name of Secured Party)

BY _____                         _____ (SEAL)
         Its Agent                                                    Mortgagor(s)
       Secured Party

SEE REVERSE SIDE FOR ADDITIONAL PROVISIONS

001-00002 (D-F-H-L-N) ALABAMA MINI-CODE AND INTEREST AND USURY (7-93)   COPY



# Yosemite Insurance Company

Suite 611, One Embarcadero Center • San Francisco, California 94111-3671
A Subsidiary of American General Corporation

**A STOCK COMPANY**

**Property Insured**
PERSONAL PROPERTY OF THE DEBTOR, IN WHICH THE NAME INSURED (CREDITOR) HAS A FINANCIAL INTEREST THROUGH AN INSTALLMENT OBLIGATION.

**CREDITOR**
AMERICAN GENERAL FINANCE, INC.
1848 OPELIKA ROAD    AUBURN    ALABAMA    36830
NO & STREET    CITY    ZIP

**CERTIFICATE NO. OR ACCOUNT NO.**
50485004 H

**NAME AND ADDRESS OF DEBTOR**
MASON,JR,GEORGE,
RT 2 BOX 451 LOT 26
TUSKEGEE,AL,36083

**EFFECTIVE DATE** 12/08/93
**EXPIRATION DATE** 2/08/95
**PROPERTY PREMIUM** 54.90
**AMOUNT OF PROPERTY INSURANCE** $ 1500.00
**TERM OF PROPERTY INSURANCE** 24

**IMPORTANT**
ADDRESS ALL CORRESPONDENCE TO
YOSEMITE INSURANCE COMPANY
P.O. BOX 159
EVANSVILLE, INDIANA 47701-0159
812-424-8031

REFER TO THE MASTER POLICY FOR THE ENTIRE CONTRACT WORDING. THE MASTER POLICY YMP 801 MAY BE VIEWED DURING REGULAR BUSINESS HOURS AT THE OFFICE OF THE CREDITOR SHOWN ABOVE

## DEBTORS' CERTIFICATE OF INSURANCE

FREE EXAMINATION OF POLICY. Within the first FIFTEEN DAYS after this certificate is received, the Debtor may surrender it by delivering the certificate to the Insured through whom it was purchased. The full amount of the Debtor's premium will be refunded upon this surrender.

Authorized Representative

White Copy to Debtor and Canary Copy to Creditor/Insured

**AMERICAN GENERAL**

PAYEE (WE, US, OUR)
A Subsidiary of American General Corporation

AMERICAN GENERAL FINANCE, INC.
1648 OPELIKA ROAD
AUBURN, AL
ALABAMA 36830

**AMERICAN GENERAL**

ACCOUNT NO. 30485004  TYPE 1
DATE FINANCE CHARGE BEGINS TO ACCRUE IF DIFFERENT FROM DATE OF NOTE
Due Date 01

BORROWER(S) (NAMES & ADDRESSES)
MASON, JR, GEORGE,
RT 2 BOX 451 LOT 26
TUSKEGEE AL 36083

☒ Amount of First Payment
☐ Amount of Balloon Payment

NSF Ck Chg $20
Late Charge $100

Your interest will be computed by the method shown here. See A. or B. below for specific provisions.  **B**

| Date of Note | First Payment Due Date | Other Payments Due on Same Day of Each Month | Final Payment Due Date | Amount of Payment | Total Number of Payments |
|---|---|---|---|---|---|
| 02/16/93 | 04/01/93 | | 03/01/95 | 98.71 | 24 |

**ITEMIZATION OF AMOUNT FINANCED**

1. $ NONE Premium to Life Insurance Co. (Joint Coverage)
2. $ 34.56 Premium to Life Insurance Co. (Single Coverage)
3. $ 64.80 Premium to Disability Insurance Co.
4. $ 54.90 Premium to Property Insurance Co. $1500.00 Amount
5. $ NONE Premium to Physical Damage Insurance Co.
6. $ NONE Premium to Non Filing Insurance Co.
7. $ 16.50 Paid to Public Officials for Certificate of Title Fees
8. $ NONE Paid to Public Officials for Recording and Releasing Fees
9. Appraiser for Appraisal Fee ... $ NONE  PAID TO
10. Mortgage Impairment Ins. ... $ NONE  PAID TO
11. Title Exam Fee/Title Insurance ... $ NONE  PAID TO
12. Taxes Paid to Gov. Agency ... $ NONE
13. Abstract Fee ... $ NONE  PAID TO
14. Other ... $ NONE  PAID TO
15. Paid on Prior Account with Lender $ NONE
16. Amount Paid to you or on your behalf itemized below → $ 1545.91

17. $ 1716.67 Amount Financed (Sum of lines 1 thru 16)
18. $ 452.04 FINANCE CHARGE → A $ 25.00 Interest Surcharge/Points
19. 22.65 % ANNUAL PERCENTAGE RATE B $ NONE Prepaid Finance Charge (Points)
20. $ 2168.71 Total of Payments   C $ 427.04 Interest
    $1741.67 Principal Amount of Loan (17 + 18B)

$ 1545.91 YOU

In this note, the words you, yours and your mean each and all of those who signed it as a Borrower. The words we, us and our mean Payee (Creditor).

A. **INTEREST BEARING:** If shown above, you agree to pay the Principal Amount of Loan together with interest on the unpaid principal balances at the Agreed Rate of Charge set forth. The total of the Principal Amount of Loan and such scheduled interest is to be repaid in monthly installments.

B. **PRECOMPUTED:** If shown above, you agree to pay the Total of Payments shown which includes the Amount Financed and Charges to maturity which have been precomputed at a rate authorized by law to yield the Annual Percentage Rate set forth assuming all payments are made as scheduled.

**THE FOLLOWING APPLIES TO PRECOMPUTED LOANS ONLY:**

DEFAULT CHARGE: If you fail to pay an installment within 10 days of the date it is due, we may charge you 5% of the past due amount of the installment not to exceed the amount shown above and not less than 50¢.

DEFERRAL CHARGE: If we agree, you may postpone or defer the payment of any one or more wholly unpaid scheduled payments of the loan, and we may charge you an additional charge for each full month that any wholly unpaid scheduled payments are outstanding after the due date of each such scheduled payment equal to that proportion of the finance charge which the amount of the deferred monthly scheduled payment bears to the sum of all monthly balances originally scheduled.

PREPAYMENT IN FULL REBATE: You may prepay this loan in full at any time and receive a rebate credit of the unearned portion of the interest charge computed on the Rule of 78's as of the nearest scheduled payment due date. No refund of less than $1.00 will be made. If this loan is renewed or refinanced by us or our affiliate within 90 days from the loan date, then the interest charge shall be refunded on a daily pro rata basis as of the date of such renewal or refinancing. No refund of the surcharge will be made except that, if this loan is paid in full by any means within 90 days from the loan date, the surcharge will be refunded on a daily pro rata basis; however, we may retain an amount of no less than $4.00.

**THE FOLLOWING APPLIES TO ALL LOANS:**

TIME OF REPAYMENT: The first payment shall be due on the date indicated and the following payments shall be due on the same day of each succeeding month to and including the Final Payment Due Date.

ATTORNEY FEES: If the amount borrowed is over $300, you agree to pay reasonable attorney's fees should this loan be referred for collection to an attorney who is not a salaried employee of ours. Fees will not be in excess of 15% of the unpaid debt.

DELAY IN ENFORCEMENT: We may accept late payments or partial payments even though marked "payment in full", without losing any of our rights under this note. We may delay enforcing any of our rights under this note without losing them.

ENTIRE BALANCE DUE ON DEFAULT: If you don't pay a monthly installment on the day it is due, we may demand from you immediate payment of the entire amount of the unpaid principal balance of the loan and accrued but unpaid interest on such balance.

INTEREST AFTER FINAL DUE DATE: If there is any unpaid balance remaining on the Final Payment Due Date you agree to pay interest on that balance at the rates set forth, or at the highest lawful contract rate whichever is higher.

NSF CHECK CHARGE: In the event any payment made by check, draft, negotiable order of withdrawal or like instrument is dishonored by reason of insufficient funds in or on deposit in the depository institution, you agree to pay us a bad check charge of not more than the greater of either the amount shown above or an amount equal to the actual charge made by the depository institution for the return of unpaid or dishonored instruments.

CO-MAKERS: If you are signing this note as a co-maker, you understand that you are equally responsible with the borrower, although we may sue either of you. We are not required by law to notify you if this note is paid off. We can also alter the terms of payment and release a lien from any security without notifying you.

COPY RECEIVED: You acknowledge receipt of a completely filled-in copy of this note and a copy of the Statement of Disclosure on a separate sheet.

SIGNATURE: You have signed this note on the date of note in the presence of the persons identifying themselves below as witnesses.

NOTICE: The following NOTICE applies if you were referred to us by a seller of consumer goods or services and a substantial portion of the proceeds of this loan is used for the purchase of consumer goods from that seller:

**NOTICE**
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

CAUTION: IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT!

Witness: _[signature]_    George Mason Jr. L.S. (Seal)
                          (SIGNATURE OF PRINCIPAL BORROWER)
Witness: _Becky Ledbetter_   _____ L.S. (Seal)
                          (SIGNATURE OF OTHER BORROWER)
Witness: _____     _____ L.S. (Seal)
                          (SIGNATURE OF OTHER BORROWER)

001-00002 (O-F-H-I-L-N) ALABAMA MINI-CODE (10-92)

MASON0017

**SECURED PARTY—MORTGAGEE** Finance, Inc.
A Subsidiary of American General Corporation

SECURITY AGREEMENT (CHATTEL MORTGAGE)

AMERICAN GENERAL FINANCE, INC.
1848 OPELIKA ROAD
AUBURN, AL

**AMERICAN GENERAL**

ALABAMA

ACCOUNT NO. | TYPE | DATE FINANCE CHARGE BEGINS TO ACCRUE IF DIFFERENT FROM DATE OF NOTE

MORTGAGOR(S)—DEBTOR(S) (NAMES & ADDRESS)

MASON, JR., GEORGE
RT 2 BOX 451 LOT 29
TUSKEGEE, AL 36083

| Date of Note and this Mtge. | First Payment Due Date | Other Payments Due on Same Day of Each Month | Final Payment Due Date | Amount of First Payment / Amount of Balloon Payment | Amount of Regular Payment | Total Number of Payments / Term of Lease |

$ ____ Amount Financed
$ ____ FINANCE CHARGE
____ % ANNUAL PERCENTAGE RATE
$ ____ Total of Payments

KNOW ALL MEN BY THESE PRESENTS that the above named Mortgagor(s) hereby mortgages and pledges to the Mortgagee herein above named, (a) that certain motor vehicle(s) described below, together with all equipment and accessories thereunto now and hereafter attached and/or (b) the hereinafter described personal property, situated at the address where Mortgagor now resides, as set forth in the hereinafter mentioned promissory note, as security for the payment of a promissory note in the amount, date and terms stated above, subject to acceleration in time of payment in event of failure of Mortgagor to keep and perform certain conditions, provisions and stipulations therein and herein contained. Reference is hereby made to said promissory note now on file in the office of Mortgagee for the particular provisions thereof. This mortgage shall also secure any obligations given by Mortgagor to Mortgagee, and any future advances; and for any further indebtedness which shall hereafter be owing to Mortgagee by Mortgagor. It is contemplated by the parties hereto that future advances may be made which shall be secured by the herein described property and by virtue thereof this mortgage is given as security; and as security for the performance by Mortgagor of each of the covenants and conditions set forth below:

The conditions of this mortgage are as follows:
To secure payment of all sums due hereunder and under any other obligation given by Mortgagor to Mortgagee, Mortgagor does hereby grant, convey and mortgage unto said Mortgagee the herein described property to have and to hold the same forever, provided that if said Mortgagor shall fully pay said Mortgagee all sums due in cash and shall keep and truly perform all agreements and covenants herein, the this mortgage shall be void, otherwise to remain in full force and effect. Mortgagor warrants that the title of said property is vested in Mortgagor free of all liens and encumbrances. This chattel mortgage is given as security for money advanced.

Mortgagor shall keep said property free from all attachments, executions, liens, taxes and encumbrances, shall not use the same nor permit it to be used illegally, for hire, in any contest, or to be transferred, whether voluntarily or involuntarily and shall not remove the automobile from this state or remove the herein described furniture from the address where located on this date without the Mortgagee's written permission. Neither loss of nor injury to said property shall relieve Mortgagor from his obligations hereunder. Mortgagee, or the holder of this mortgage, is expressly given the right to go on public or private property in enforcing any of Mortgagee's rights hereunder without the same in any manner constituting a trespass against the Mortgagor(s) herein; consent to such entering by Mortgagee on public or private property is expressly given by Mortgagor(s).

The property described herein shall be at the Mortgagors risk and Mortgagor shall procure and maintain for the term hereof insurance against all physical damage risks at Mortgagor's expense all in such form and for such amount as Mortgagee may require. the proceeds thereof to be payable to the Mortgagor and Mortgagee as their interests shall appear. In the event Mortgagor does not secure or maintain such insurance as Mortgagee may legally require to be in effect for the term hereof, the Mortgagee may declare this instrument in default or as creditor of the Mortgagor may purchase such insurance effective from the beginning of the term hereof and at any time, and from time to time thereafter, although nothing herein contained shall impose upon the Mortgagee the duty so to do and Mortgagee may add the cost thereof to Mortgagor's indebtedness secured by this instrument; and the Mortgagor agrees to reimburse the Mortgagee for the actual cost of such insurance to the extent the same is not included in Mortgagor's indebtedness owing to Mortgagee, the amount of such reimbursement together with interest thereon at an annual perentage rate equivalent to that charged on Mortgagor's indebtedness to constitute an additional obligation of the Mortgagor hereunder and to be paid in equal installments over the term of the insurance.

Mortgagors, where authorized by law hereby assign to the Mortgagee any monies not in excess of the unpaid balance of indebtedness which this instrument secures which may become payable under such other insurance including return on unearned premiums, and directs any insurance company to make payment directly to Mortgagee to be applied to said unpaid indebtedness and hereby appoints Mortgagee as attorney-in-fact to endorse any draft. In the event of default under the terms of this instrument, Mortgagee is authorized to cancel said insurance and credit any premium refund received against such unpaid indebtedness. All policies may be retained by Mortgagee. Any insurance collected by Mortgagee may be applied at Mortgagee's option to the repair and restoration of said property, or upon the indebtedness of Mortgagor. Mortgagor agrees to repay Mortgagee on demand any payment made by Mortgagee preserving or protecting the lien of this mortgage against attachments, executions, and other claims of lien. Mortgagor shall pay all filing fees and state stamp taxes.

Description of Mortgaged Property now located in or about Mortgagor's premises at the residence set forth above (in addition to the Motor Vehicle(s), if any, described herein.

All property listed as security, in a certain Federal Disclosure Statement executed by and delivered to the Mortgagor(s) on even date.

INSURANCE — The Mortgagor(s) will provide insurance against loss of or damage to the property as the Mortgagee may reasonably require if the amount financed, less any charges for insurance, is $300 or more and the value of the property is $300 or more.

| Year | Make | Model | Body Type | Vehicle Identification No. | N-U | No. Cyls. |
|------|------|-------|-----------|----------------------------|-----|-----------|
| 1982 | Datsun | Pick-UP PK | PU | JN6MD06Y8CW100641 | U | 04 |

All of the covenants and obligations herein contained shall be considered joint and several covenants and obligations of each maker and co-maker hereof.

IN WITNESS WHEREOF, the Debtor(s) have hereunto set their hands and seals on the Date of Note.

ACCEPTED:                                         SIGNED:
_____                         George Mason Jr.         (SEAL)
Name of Secured Party
BY _____                          _____ (SEAL)
Its Agent                                              Mortgagor(s)
Secured Party

SEE REVERSE SIDE FOR ADDITIONAL PROVISIONS

001-00002 (O-F-H-L-N) ALABAMA MINI-CODE (10-92)      COPY

MASON001

LICENSED OFFICE: (CREDITOR) **Finance, Inc.**
A Subsidiary of American General Corporation

AMERICAN GENERAL FINANCE, INC.
1848 OPELIKA ROAD
AUBURN, AL

ALABAMA 36830

**FEDERAL DISCLOSURE STATEMENT**

**AMERICAN GENERAL**

Account Number: 0U485004

BORROWER(S) (NAMES & ADDRESSES)
MASON, JR, GEORGE,
RT 2 BOX 451 LOT 26
TUSKEGEE AL 36083

| Date of Loan | First Payment Due Date | Other Payments Due on Same Day of Each Month | Final Payment Due Date | Amount of First Payment / Amount of Balloon Payment | Amount of Other Payments | Total Number of Payments / Term of Loan | **Late Charge |
|---|---|---|---|---|---|---|---|
| 02/16/93 | 04/01/93 | | 03/01/95 | 98.71 | 90.00 | 24 | $100 |

1 $ 1716.67 Amount Financed
2 $ 452.04 FINANCE CHARGE
3   22.65 % ANNUAL PERCENTAGE RATE
4 $ 2168.71 Total of Payments

AMOUNT FINANCED is the amount of credit provided to you or on your behalf. (Line 1 above)
FINANCE CHARGE is the dollar amount the credit will cost you. (Line 2 above)
ANNUAL PERCENTAGE RATE is the cost of your credit as a yearly rate. (Line 3 above)
TOTAL OF PAYMENTS is the amount you will have paid after you have made all payments as scheduled. (Line 4 above)

LATE CHARGE: If a payment is more than 10 days late, you will be charged 5% of the late amount, not to exceed the amount shown above and not less than $.50. (Does not apply to interest bearing loans.)

PREPAYMENT: If you pay off early, you
☐ may   ☒ will not   have to pay a penalty.
☒ may   ☐ will not   be entitled to a refund of part of the finance charge.

SECURITY
You are giving a security interest in:
☐ The goods or property being purchased
☒ Motor vehicle   1-1982 Datsun Pick-up VIN JN6MD06Y8CW100641;
☒ Other  1-12gauge Remington Shotgun;2-GE VCR Players;

☐ You are giving a security interest in your real estate located at:
☐ The previous Mortgage or Deed of Trust is being retained as security on your loan.

ASSUMPTION: Someone buying your house may not assume the remainder of the mortgage on the original terms.

INSURANCE: Credit life insurance and credit disability insurance are not required to obtain credit and will not be provided unless you sign and agree to pay the additional cost. You understand that we anticipate profits from the sale of credit insurance and you consent thereto if you select such insurance. If a rescission period applies, there is no credit life coverage during the three day rescission period.

| Type | Premium | Signature | |
|---|---|---|---|
| Single Decreasing Term Credit Life | $ N/A | I want single credit life insurance. Signature: | First Named Borrower |
| Joint Decreasing Term Credit Life | $ N/A | We want joint credit life insurance. Signatures: | First Named Borrower / Second Named Borrower |
| Single Decreasing Term Credit Life & Single Disability | $ 99.36 | I want single credit life and disability insurance. Signature: George MASON JR | First Named Borrower |
| Joint Decreasing Term Credit Life & Single Disability on First Named Borrower | $ N/A | We want joint credit life and single disability insurance. Signatures: | First Named Borrower / Second Named Borrower |

CREDIT INSURANCE (LIFE AND DISABILITY) CANCELLATION OPTION
CANCELLATION: If you desire to do so you may, without penalty or obligation, within fifteen days from the date of loan set forth above, cancel, all but not part of, the credit insurance coverages by returning all credit insurance certificates received in connection with this loan to the office where the loan was made. Upon cancellation, a full rebate of all credit insurance premiums will be made.

PERSONAL PROPERTY INSURANCE DISCLOSURE
You are not required to purchase or to have property insurance to secure this loan. If you choose to have such insurance and the amount financed and value of the property exceeds $300, you may obtain property insurance from anyone you want. You should consider any homeowner's or other insurance which you may already have when deciding to purchase property insurance with this loan.
Within 15 days of purchasing property insurance on this loan and providing you have no claims, you may obtain a full refund of the cost of the insurance by surrendering your policy or by making a written request to this office for cancellation of the policy.
If you get property insurance from or through the creditor, it will be for a term of __24__ months and you will pay $ 54.90 .
I/We want property insurance.

George MASON JR.   Signature
_____   Signature

You may obtain physical damage insurance from anyone you want or provide it through an existing policy, provided the insurance company is acceptable to the creditor and the amount financed and value of the property exceeds $300. If you get physical damage insurance from or through the creditor, it will be for a term of __N/A__ months and you will pay $ N/A .

See your contract documents for any additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

I/We have received a copy of this Federal Disclosure Statement.

George MASON JR.   3-16-93
First Named Borrower   Date

_____   _____
Second Named Borrower (If Applicable)   Date

001-00002 (D-F-H-I-L-N) ALABAMA MINI-CODE (10-92)

MASON004

# Yosemite Insurance Company

A Subsidiary of American General Corporation

Suite 611, One Embarcadero Center • San Francisco, California 94111-3671

| Property Insured | A STOCK COMPANY | IMPORTANT |
|---|---|---|
| PERSONAL PROPERTY OF THE DEBTOR, IN WHICH THE NAME INSURED (CREDITOR) HAS A FINANCIAL INTEREST THROUGH AN INSTALLMENT OBLIGATION. | | ADDRESS ALL CORRESPONDENCE TO YOSEMITE INSURANCE COMPANY P.O. BOX 159 EVANSVILLE, INDIANA 47701-0159 |

CREDITOR

AMERICAN GENERAL FINANCE, INC.
1848 OPELIKA ROAD
AUBURN, AL
NO & STREET
CITY ALABAMA 36830
ZIP

CERTIFICATE NO. OR ACCOUNT NO.
0485004

NAME AND ADDRESS OF DEBTOR
MASON, JR, GEORGE,
RT 2 BOX 451 LOT 26
TUSKEGEE AL 36083

EFFECTIVE DATE: 02/16/93
EXPIRATION DATE: 3/01/95
TERM OF PROPERTY INSURANCE: 24

PROPERTY PREMIUM: 54.90
AMOUNT OF PROPERTY INSURANCE: $1500.00

REFER TO THE MASTER POLICY FOR THE ENTIRE CONTRACT WORDING

THE MASTER POLICY YMP 801 MAY BE VIEWED DURING REGULAR BUSINESS HOURS AT THE OFFICE OF THE CREDITOR SHOWN ABOVE

## DEBTORS' CERTIFICATE OF INSURANCE

FREE EXAMINATION OF POLICY. Within the first FIFTEEN DAYS after this certificate is received, the Debtor may surrender it by delivering the certificate to the Insured through whom it was purchased. The full amount of the Debtor's premium will be refunded upon this surrender.

Authorized Representative

White Copy to Debtor and Canary Copy to Creditor/Insured

AMERICAN GENERAL

001-00057 (REV. 8-92)



Disability Benefits are payable for days of disability in excess of the ___0___ day ELIMINATION PERIOD during periods of uninterrupted total disability which continues for at least the ___14___ day WAITING PERIOD.

## CREDIT LIFE AND/OR DISABILITY INSURANCE CERTIFICATE

| MERIT LIFE INSURANCE CO. | MASTER POLICY NO. | YOSEMITE INSURANCE COMPANY | MASTER POLICY NO. |
|---|---|---|---|
| P.O. BOX 39 | ML-140 (AL) | HOME OFFICE: SAN FRANCISCO, CA | Y-11 |
| EVANSVILLE, INDIANA 47701 | | P.O. BOX 39 | |
| | | EVANSVILLE, INDIANA 47701 | |

This certificate is issued jointly by Merit Life Insurance Co. and Yosemite Insurance Company. Merit Life Insurance Co. shall be liable for the full amount of any claims resulting from the Credit Life Insurance coverage provided by this Certificate according to the terms of this Certificate and Yosemite Insurance Company shall be liable for the full amount of any claims resulting from the Credit Disability Insurance coverage provided by this certificate according to the terms of this Certificate. Notice of claim furnished to either of the insurers shall be sufficient notice to both insurers.

Credit Life Insurance Coverage is provided only for the kind of coverage and Amount of Insurance for which Premium is shown and paid, subject to the limits of this Certificate.

Credit Disability Insurance Coverage is provided only for the kind of coverage and amount of monthly indemnity for which Premium is shown and paid, subject to the limits of this Certificate.

### PROVISIONS APPLICABLE TO CREDIT LIFE INSURANCE COVERAGE
Merit Life Insurance Co.
P.O. Box 39
Evansville, Indiana 47701
(Herein Called The Company)

In Accordance with the Provisions and Conditions of the Group Credit Policy the Number of which is specified above.

**HEREBY INSURES**

The first person named in the Certificate Schedule (herein called the Insured Debtor) and, if Joint Term Life is purchased, the person designated in the Certificate Schedule as the Joint Debtor, but only for the coverage or coverages for which a premium is shown in the Certificate Schedule. The death of either the Insured Debtor or the Joint Debtor shall immediately terminate the insurance of the other. If the death of the Insured Debtor and the Joint Debtor occur simultaneously, the death benefit shall be paid for the Insured Debtor only.

The proceeds of this Certificate shall be applied to reduce or extinguish the unpaid indebtedness to the Creditor, and whenever the amount exceeds the unpaid indebtedness, the excess shall be paid to the Second Beneficiary; except if Joint Term Life is purchased the excess shall be paid to the surviving insured unless the Insured Debtor and Joint Debtor die simultaneously, in which event the excess shall be paid to the Second Beneficiary named by the Insured Debtor.

DEATH BENEFITS, DECREASING TERM LIFE INSURANCE—The Company agrees to pay upon receipt of due proof of the death of either the Insured Debtor or the Joint Debtor, occurring during the term of this Certificate and while this Certificate is in force the amount of life insurance in force under this Certificate at the time of death. The amount of insurance in force beginning on the effective date of this Certificate shall be the initial amount of life insurance specified in the schedule. On the corresponding date of each succeeding month thereafter, during the term for which this Certificate is written, the amount of insurance in force shall progressively decrease by the amount of the monthly reduction determined by dividing the initial amount of insurance specified in the Schedule by the number of months in the Term.

DEATH BENEFITS, LEVEL TERM LIFE INSURANCE—The Company agrees to pay upon receipt of due proof of the death of the Insured Debtor occurring during the term of this Certificate and while this Certificate is in force, the initial amount of life insurance shown in the schedule.

EXCLUSIONS, LIMITATIONS AND REDUCTIONS—The life insurance provided hereunder does not cover: (1) any person under the age of eighteen years or over the age of seventy years on the effective date of the Certificate. (2) Anyone who commits suicide within one year from the date of issue of the Certificate. Any premium paid to the Company for any period not covered by this Certificate will be returned.

Countersigned _____
Licensed Resident Agent
**CREDITOR-DEBTOR INSURANCE ONLY**

ML-141
001-00002 (D-F-H-I-L-N) ALABAMA MINI-CODE (10-92)