**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GEORGE MASON,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil Action No.:** |
| **vs.** | * | **3:05-cv-752-MEF** |
| | * | |
| **AMERICAN INTERNATIONAL GROUP, INC;** | * | |
| **et al.,** | * | |
| | * | |
| **Defendants.** | * | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO REMAND**

COMES NOW, Plaintiff, and submits this Supplemental Memorandum of Law in Support of his Motion to Remand. Defendants' submissions to this Court fail to carry its heavy burden that Plaintiff cannot state a viable claim against the resident Defendant Kathie Rowell. Plaintiff respectfully requests this Honorable Court grant its Motion to Remand and enter an order remanding this matter back to the Circuit Court of Macon County, Alabama.

**INTRODUCTION**

Plaintiff instituted this state court action against Defendants American International Group, Inc., American General Corporation, American General Finance, Inc., American General Financial Services of Alabama, Inc., Merit Life Insurance Company, Yosemite Insurance Company, and Kathie Rowell ("resident Defendant"), when the Complaint was filed on July 7, 2005, in the Circuit Court of Macon County, Alabama. Plaintiff could not have originally filed this action in federal court, because

Plaintiff and Defendant Kathie Rowell are citizens of Alabama. Diversity jurisdiction does not exist because citizens of Alabama are on both sides of this litigation, and the "matter in controversy" is not "between . . . citizens of different States." 28 U.S.C. §1332.

In their Notice of Removal, filed on August 10, 2005, Defendants alleged that the removal was proper under the diversity jurisdiction statute, 28 U.S.C. §1332, even though Plaintiff and Defendant Kathie Rowell are Alabama residents. Defendants assert that Plaintiff fraudulently added the Alabama resident Defendant in this case, and therefore removal from the state court was proper pursuant to 28 U.S.C. § 1441 (b) under the doctrine of fraudulent joinder. On September 1, 2005, Plaintiff filed a Motion to Remand arguing against the existence of diversity jurisdiction. Plaintiff opposes this removal, and by way of his Motion to Remand and Supplement to his Motion to Remand, respectfully submits that the removal was improper and this case is due to be remanded to the Circuit Court of Macon County, Alabama.

In the present case, the resident Defendants misrepresented and concealed material facts relating to the Plaintiff's purchase of insurance in connection with the loan, including but not limited to, misrepresenting that if "he purchased the credit insurance his credit score/rating would be better" and that "he stood a better chance of getting approved for the loan he requested." The Alabama resident Defendant exceeded the normal debtor/creditor relationship when she gave Plaintiff financial advice and wrongfully advised Plaintiff that refinancing his previous loan would save him money and that it was in his best interest. The case at issue is one such that Plaintiff detrimentally and reasonably relied on the material representations and omissions of the Alabama resident

2

Defendant.    Furthermore,    those    fraudulent    representations    and    omissions    were intentional, wanton and committed with reckless disregard for the safety and rights of Plaintiff.

In summary, casting all of the aforementioned facts in a light most favorable to Plaintiff, it cannot be said that Plaintiff has not stated a cause of action for fraudulent misrepresentation and fraudulent concealment, and failure to procure the proper coverage against the non-diverse Defendant or that as a matter of law, Plaintiff's claims would be barred in a state court action.

## **LEGAL STANDARD**

Federal courts are courts of limited jurisdiction, and may only hear cases that they have been authorized to hear by either the Constitution or by the United States Congress. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092 (1994). The burden of establishing federal jurisdiction is on the party seeking removal, and because removal raises significant federalism concerns, it must be strictly construed with all doubts resolved in favor of remand. Shamrock Oil & Gas. Corp. v. Sheets, 313 U.S. 100 (1941); Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996), cert. denied, 520 U.S. 1162, 117 S.Ct. 1349, 137 L.Ed. 2d 506 (1997); Burns v. Windsor Ins. Co., 31 F.3d at 1095 (Boyer v. Snap-on Tools Corp., 913 F.2d 108(3rd Cir. 1990)); Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir. 1983); see also Stone v. Williams, 792 F.Supp. 749 (M.D. Ala. 1992). "A conclusionary allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet defendant's burden." Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001).

3

The standard of the Eleventh Circuit in reviewing a motion to remand states that subject matter jurisdiction is judged by the face of Plaintiff's Complaint at the time of the filing of the removal petition. In re Carter, 618 F.2d 1093, 1101 (11th Cir. 1983). Where an action is removed to federal court, the removing defendant has the burden of establishing the existence of federal jurisdiction." See Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), *overruled on other grounds by* Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). First, as a statutory requirement, the Defendants must make in their Notice "an affirmative showing... of all the requisite factors of diversity jurisdiction, including the amount in controversy, **at the time removal is attempted**." Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 253 (5th Cir. 1961). Next, a defendant has a very high burden in establishing fraudulent joinder – it must present evidence that "compels the conclusion that the joinder is without right and made in bad faith...". Everett v. MTD Prods., Inc., 947 F. Supp. 441, 445 (N.D. Ala. 1996). The burden is a heavy one because if a **possibility** exists that a state court could find that the complaint states a cause of action against the resident Defendant, this Court must find that the joinder is proper and remand the case to the state court. Coker, 709 F.2d at 1440 (citing Parks, 308 F.2d at 477-78).

## ARGUMENT

### A.    Fraudulent Joinder

First, there is absolutely nothing unique in Defendants' opposition that is specific to the non-diverse Defendant. It appears that what Defendants are really trying to show is that Plaintiff has no claims against any Defendant, not just the non-diverse Defendant. As such, the claim of "fraudulent joinder" of a specific Defendant is inappropriate. This

4

is always true when the defenses being cited are really applicable to all defendants.
Therefore, the "common defense" rule applies in this case.

Defendants argue that the Eleventh Circuit has not expressly applied the
"common defense" rule in its fraudulent joinder analysis. However, that fact is not
particularly relevant since the United States Supreme Court has adopted this doctrine and
its logical underpinnings. In <u>Chesapeake & Ohio Railway Company v. Cockrell</u>, 232
U.S.146 (1914), a case in which the United States Supreme Court addressed the
"common defense" rule, the Court held that:

> "As no negligent act or omission personal to the railway company was
> charged, and its liability, like that of the two employees, was, in effect,
> predicated upon the alleged negligence of the latter, the showing
> manifestly went to the merits of the action as an entirety, and not to the
> joinder; that is to say, it indicated that the plaintiff's case was ill founded
> as to all defendants. Plainly, this was not such a showing as to engender
> or compel the conclusion that the two employees were wrongfully brought
> into a controversy which did not concern them. As they admittedly were
> in charge of the movement of the train, and their negligence was
> apparently the principal matter in dispute, the plaintiff had the same right,
> under the laws of Kentucky, to insist upon their presence as real
> defendants as upon that of the railway company. We conclude, therefore,
> that the petition for removal was not such as to require the state court to
> surrender its jurisdiction."

<u>Id.</u> at 280. As was the case in <u>Chesapeake</u>, the basis of this case revolves around the acts
and/or omissions of the resident Defendants. As illustrated below, Judge Myron H.
Thompson of the United States District Court for the Middle District of Alabama recently
delivered a sound analysis of the "common defense" rule and its applicability to the case
at hand.

Judge Myron H. Thompson recently remanded three identical actions based on the
"common defense" rule. See <u>Tony and Dorothy Turner v. American International Group,
Inc., et al.,</u> Civil Action No. 3:05cv753-MHT (M.D. Ala. February 15, 2006)(Attached as

5

Exhibit "A"), <u>Bernice Poole-Reese v. American International Group, Inc., et al.</u>, Civil
Action No. 3:05cv750-MHT (M.D. Ala. February 14, 2006)(Attached as Exhibit "B")
and <u>James Poole v. American International Group, Inc., et al.</u>, Civil Action No.
3:05cv749-MHT (M.D. Ala. February 14, 2006)(Attached as Exhibit "C").[1]     Judge
Thompson noted that the Eleventh Circuit has not reached this issue, but other circuits
have applied a "common defense rule" to fraudulent joinder claims such as when a
defense to liability is common to diverse and non-diverse defendants, fraudulent joinder
is not found.   Judge Thompson remanded the actions holding that, "the corporate
defendants have not shown that the individual defendants were fraudulently joined in
light of the common defense rule." To date, Defendants still have not made the requisite
showing.

Contained in his well-grounded analysis in all three of the above-referenced
opinions, Judge Thompson aptly noted that the Plaintiff's "sole claim against the
corporate defendants is for negligent and wanton hiring, training and supervision, which
requires the finding of underlying tortuous conduct by an employee before the employer
can be held liable."   <u>Poole-Reese</u> at 7; <u>Poole</u> at 11; <u>Turner</u> at 7. (See <u>Stevenson v.
Precision Standard, Inc.</u>, 762 So.2d 820, 824 (Ala. 1999)(citing <u>Big B, Inc. v.
Cottingham</u>, 634 So.2d 999 (Ala. 1993); <u>Nash v. Segars</u>, 682 So.2d 1364 (Ala. Civ. App.
1996)).   Judge Thompson concluded that, "Accordingly, **the arguments for barring
state-tort liability against the non-diverse individual defendants appear to apply
equally to preventing liability for the diverse corporate defendants.**" <u>Id.</u> Therefore,

---

[1] Defendants' have filed motions to alter or vacate the remand orders in <u>Tony and Dorothy Turner v.
American International Group, Inc., et al.</u>, Civil Action No. 3:05cv753-MHT (M.D. Ala. February 15,
2006), <u>Bernice Poole-Reese v. American International Group, Inc., et al.</u>, Civil Action No. 3:05cv750-
MHT (M.D. Ala. February 14, 2006), and <u>James Poole v. American International Group, Inc., et al.</u>, Civil
Action No. 3:05cv749-MHT (M.D. Ala. February 14, 2006).

Judge Thompson's analysis of the "common defense" rule and its applicability to this case logically makes sense, and it necessarily follows that the joinder is not "fraudulent." Plaintiff respectfully asks this Court to consider the rulings of Judge Thompson as persuasive authority and grant Plaintiff's Motion to Remand.

Conversely, Defendants attempt to argue that Plaintiff's negligent and wanton hiring, training and supervision claim is only actionable against the out of state Defendants. However, their analysis is a clear misapplication of the "common defense" rule. Importantly and more distinguishing, Judge Thompson correctly noted that there must first be a finding of underlying tortuous conduct by an employee before the employer can be held liable on a claim for negligent and wanton hiring, training and supervision; therefore, that claim is actionable as to both non-diverse and diverse defendants alike.

Defendant's example of negligent hiring and training being a unique claim is further eroded, because, in Alabama, the statute of limitations for negligence and fraud are the exact same – two years. Therefore, assuming *arguendo*, that Defendants were correct in asserting that Plaintiff's statute of limitations has in fact run on his fraud claim, then the statute of limitations has also run on the negligence claim.[2] On this point, it is also important to note, that the issue at hand is called the common "defense" rule. Not the common "claims" rule. Since the statute of limitations defense is common to each defendant and each claim, there is no appropriate distinction as Defendants' suggest.

In <u>Smallwood v. Illinois Cent. R.R. Co.</u>, 385 F.3d 568, 574 (5th Cir. 2004), the full Fifth Circuit recognized that when the basis for fraudulent joinder is really an attack on

---

[2] This is especially true in Alabama where there is no tolling of a negligence claim unlike the states in the 5th Circuit, which do allow a tolling of negligence claims.

the merits of the entire case, it is not appropriate to just single out treatment of one or just

a few Defendants. More particularly, the Court explained that:

> Rather, the basis of its contention that Smallwood could not recover went,
> in fact, to the entire case, although it was first directed to Smallwood's
> claims against MDOT. Then, with jurisdiction secured, and with all the
> force of the "law of the case," this same preemption was directed to the
> merits    of    Smallwood's    claims    against    the    railroad.
> A claim of improper joinder by definition is directed toward the joinder of
> the in-state party, a simple but easily obscured concept. The party seeking
> removal bears a heavy burden of proving that the joinder of the in-state
> party was improper. Nevertheless, when, on a motion to remand, a
> showing that compels a holding that there is no reasonable basis for
> predicting that state law would allow the plaintiff to recover against the in-
> state defendant necessarily compels the same result for the nonresident
> defendant, there is no improper joinder; there is only a lawsuit lacking in
> merit. In such cases, it makes little sense to single out the in-state
> defendants as "sham" defendants and call their joinder improper. In such
> circumstances, the allegation of improper joinder is actually an attack on
> the merits of plaintiff's case as such--an allegation that, as phrased by the
> Supreme Court in Chesapeake & O.R. Co. v. Cockrell, "the plaintiff's case
> [is] ill founded as to all the defendants." In reaching this conclusion, we
> are applying our traditional improper joinder analysis.

Id. (internal citations omitted). The instant action presents the same issue.

Defendants attempt to limit the application of Smallwood by arguing argue that

the "common defense" rule has only a narrow scope. However, there is no objective

standard or guidelines offered by Defendants as to what this means. Furthermore, since

this issue is before the Court on a removal petition, the applicable law clearly provides

that any ambiguities are construed against removal and in favor of remand. Pacheo de

Perez v. AT&T Co., 139 F.3d 1368, 1380 (11th Cir. 1998).

Regardless of what Defendant's "narrow scope" argument may suggest, there is

no doubt that the "common defense" rule has been applied in several other fraud cases,

especially in this jurisdiction, as noted above. The Defendants appear to cite Boone v.

Citigroup, Inc., 416 F.3d 382 (5th Cir. 2005) and Rainwater v. Lamar Life Insurance
Company, 391 F.3d 636 (5th Cir. 2004), for the proposition that the "common defense"
rule should be applied narrowly.    But, in Rainwater, **a case involving fraudulent
misrepresentation**, the court reiterated that if "the limitations defense in question is
dispositive of *all* claims against *all* defendants, then Smallwood would require remand to
state court." Id. at 638.  Since in this case "the arguments for barring state-tort liability
against the non-diverse individual defendants appear to apply equally to preventing
liability for the diverse corporate defendants," the joinder is not fraudulent.

In Boone, the appellants (plaintiffs) for some reason, "conceded that the failure of
their claims against the resident defendants does not in and of itself cause those of which
are not based on respondeat superior liability for the wrongs committed by the resident
defendants to fail as well." Id. at 392.  However, that is clearly not the case in this action.
Contrary to what happened in Boone, the Plaintiff in this case readily admit that if the
claims against the non-diverse Defendant is due to be dismissed and/or are deemed not
actionable based on Defendants' statute of limitations argument and reasonable reliance
arguments, then all claims against all Defendants are also due to be dismissed.
Therefore, since a claim of fraudulent joinder is improper, Plaintiff's Motion to Remand
is due to be granted.

Finally, Plaintiff's misrepresentation claims are subject to a two-year statute of
limitations.  ALA. CODE § 6-2-38(l) (1975).  The statute of limitations is subject to a
"savings clause" provided by § 6-2-3:

> In actions seeking relief on the ground of fraud where the statute has
> created a bar, the claim must not be considered as having accrued until the
> discovery by the aggrieved party of the fact constituting the fraud, after

which he must have two years within which to prosecute his action. ALA.
CODE § 6-2-3 (1975).

Section 6-2-3 supplies a subjective test, tolling the statute of limitations on a fraud claim

until the aggrieved party discovers or, in the exercise of reasonable care, should have

discovered, the facts constituting the fraud. *See* Ex parte Seabol, 782 So. 2d 212, 216

(Ala. 2000). "The question of when a party discovered or should have discovered the

fraud is generally one for the jury." Liberty Nat'l Life Ins. Co. v. Parker, 703 So. 2d 307,

308 (Ala. 1997).

The Supreme Court of Alabama in Foremost Insurance Co. v. Parham, 693 So. 2d

409, 421 (Ala. 1997), reaffirmed that the "reasonable reliance" standard is the test for

determining when an aggrieved person should have discovered the facts constituting the

fraud.    Under the reasonable reliance standard,

> the trial court can enter a judgment as a matter of law in a fraud case
> where the undisputed evidence indicates that the party or parties claiming
> fraud in a particular transaction were fully capable of reading and
> understanding their documents, but nonetheless made a deliberate decision
> to ignore written contract terms. Foremost, 693 So. 2d at 421.

The Supreme Court of Alabama, applying the "reasonable reliance" standard, recognized

that a jury question exists "in a fraud case where the plaintiff's ignorance of the contents

of a document is reasonable under the circumstances." Potter v. First Real Estate Co.,

Inc., 844 So. 2d 540, 549 (Ala. 2002). See also, Ex parte Seabol (the Alabama Supreme

Court distinguished Foremost, where the complexities of a transaction requiring the

correlation of multiple documents made it appropriate for the jury to determine whether

plaintiff was fully capable of understanding the documents).

The Foremost Court explained that reasonable reliance was a practical standard

because it would "allow the fact-finder greater flexibility in determining the issue of

reliance based on all of the circumstances surrounding the transaction, including the
mental capacity, educational background, relative sophistication, and bargaining power of
the parties." Foremost, 693 So.2d at 421. Under the circumstances in this case, there is
no evidence presented by Defendants that Plaintiff's would subjectively know that the
statements made to them were fraudulent by reviewing the loan documents. Specifically,
there is no evidence that Defendants' representation that "purchasing the credit insurance
would improve his credit score" and that "he would stand a better chance of getting
approved for the loan" and that "refinancing his existing loan would save him money" is
contradicted by any document. In fact, the documents do not contradict these
representations at all. Additionally, under Alabama law, Plaintiffs believe they can show
through the discovery phase of the case, that they were lulled into a false feeling of
security by the repeated and continuous misrepresentations and the overwhelming skill
and bargaining powers of Defendant. However, Plaintiff is not required to develop this
portion of the case at the remand stage. They are entitled to a reasonable discovery
period before having the ultimate issues of their case determined.

In support of Plaintiff's position, we note that the United States District Court for
the Western District of Kentucky also remanded an identical action, based on the same
arguments. Howard and Janette Harpool v. Kentucky Finance Company, et al., Civil
Action No. 1:03CV-179-R (W.D.Ky. Feb. 10, 2004))(Attached as Exhibit "D"). In his
Order, the Honorable Thomas B. Russell held:

> Defendants argue that all of the alleged misrepresentations were covered
> by the loan documents. (Dkt. #12). While the loan documents may have
> explicitly stated that credit insurance is not **required** to get a loan, telling
> the Plaintiffs that purchasing insurance would increase the likelihood of
> their getting a loan seems to be a different matter and not covered by the
> loan documents.

Id. at pp. 4-5. Judge Russell also granted the plaintiffs' motion to remand in spite of evidence presented by the defendants in that matter purportedly demonstrating that the loan documents contradicted the alleged misrepresentations.

In another identical matter recently decided, this Court granted a plaintiff's Motion to Remand. Joe T. Smith v. American International Group, Inc., et al., Civil Action No. 2:05-cv-1065-MEF (M.D.Ala. February 9, 2006)(Attached as Exhibit "E"). Also, in two other identical matters, Mary Cope v. American International Group, Inc., et al., Civil Action No. 3:05-cv-751-WHA (M.D.Ala. February 9, 2006)(Attached as Exhibit "F"), and Stephanie Mayberry v. American International Group, Inc., et al., Civil Action No. 3:05-cv-773-WHA (M.D.Ala. February 9, 2006)(Attached as Exhibit "G"), the Honorable Judge W. Harold Albritton of the United States District Court for the Middle District of Alabama granted Plaintiffs' Motion to Remand. Plaintiff respectfully asks this Court to consider the rulings of Judge Russell and Judge Albritton as persuasive authority and for this Court to enter a similar Order remanding this case to the Circuit Court of Macon County, Alabama.

Identical allegations that were made in the above-referenced decisions are made by Plaintiff in this action. Each of those courts determined that Defendants' loan documents do not inform borrowers that "the purchase of credit insurance will not improve the borrower's chance of obtaining loan approval, or also that purchasing the credit insurance would not improve his credit score." Moreover, as demonstrated previously in Plaintiff's Motion to Remand, Plaintiff's allegations in this matter consist of more than complaints surrounding the purchase of credit insurance. Accordingly, this action should be remanded.

**B.**    **Amount in Controversy**

Defendants have stated the unsupported proposition that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Such a conclusory assertion that the jurisdictional amount is satisfied without supporting facts is insufficient to meet Defendants' burden. See Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001). In cases removed to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §1332, if the complaint does not specify the amount of damages sought, the Defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit. Bolling v. Union National Life Insurance Co., 900 F. Supp 400, 403 (M.D. Ala. 1995). The only evidence presented by Defendants is simply that other "fraud" cases in Alabama have received punitive and/or compensatory damage awards in excess of $75,000.00. However, those cases are not shown to be factually similar to the instant action. In fact, Defendants do not make an attempt to draw parallels between the facts in the instant case and the facts that were the basis for any particular verdict.

More importantly, none of the cases cited by Defendants take into account the United States Supreme Court's landmark opinion of State Farm Mutual Automobile Insurance Co. v. Campbell, 538 U.S. 408, 425, 123 S. Ct. 1513, 1524, 155 L.Ed.2d 585 (2003). Defendants only assert that since Plaintiff requests punitive damages, this fact alone is sufficient to reach the jurisdictional threshold of the Court. However, on this important point, Defendants cannot offer any authority to suggest that a request for punitive damages, standing alone, is sufficient to create federal jurisdiction.

Under State Farm and similar Supreme Court authority, Plaintiff does not believe that Defendants can make the requisite showing that any punitive award offered in this case would be in excess of $75,000 - and still be constitutionally permissible. Obviously, any relevant discussion of punitive damage awards must be filtered through the due process protections guaranteed in State Farm, and its antecedents.

In State Farm, the United States Supreme Court set out rigid guidelines, including explicit ratios to be used when awarding punitive damages. Specifically, the High Court said that ratios "demonstrate what should be obvious: single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution." Id. at 425. Similarly, when an award of punitive damages has been rendered, it will only be upheld if it is reasonable. BMW of North America v. Gore, 517 U.S. 559, 574-75 , 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996). An award will only be considered reasonable if it is based upon,

> (1) the degree or reprehensibility of the defendant's misconduct, (2) the disparity between the harm (or potential harm) suffered by the plaintiff and the punitive damages award, and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases.

Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 440 (2001) (citing BMW of North America v. Gore, 517 U.S. 559, 574-75, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996)).

In the instant action, Plaintiff has suffered out-of-pocket damages approaching $320.00. Based upon this dollar amount, even if Plaintiff did receive a punitive award, the constitutional due process protections would probably not allow an award to exceed $2,880.00 ($320.00 x a multiplier of 9). The aggregate award in this instance, including

14

punitive and out-of-pocket damages, would be $ 3,200.00. This figure is a far cry from the amount required for diversity jurisdiction. Because Defendants have not met their burden in providing sufficient evidence on this threshold issue, this case should be remanded back to the Circuit Court of Macon County, Alabama, from which it was removed.

In furthermore support of this position, Plaintiff notes the holding in Bennett v. American Medical Security, No. 02-D-120-N (M.D.Ala. Feb. 8, 2002)(DeMent, J.)(attached as Exhibit "H"). In that case, defendants removed a case to federal court on the basis of diversity jurisdiction. The defendants asserted that the only non-diverse defendant had been fraudulently joined and because there was a claim for punitive damages the amount in controversy exceeded $75,000.00. The only evidence that defendants submitted in those actions was an assertion in their Notice of Removal that jury awards in cases on the same type of suit as the case sub judice routinely exceed $75,000.00. Judge DeMent held that the defendants failed to meet their burden of proving that the amount in controversy exceeded $75,000.00 and remanded the case to state court. This result has also occurred in other cases involving similar bald assertions regarding the amount in controversy. See Ronnie Register, et al. v. RUS of Auburn, et al., Civil Action Number 01-T-858-E in the United States District Court for Middle District of Alabama (March 26, 2002)(Thompson, J.)(holding that $2,000 actual damage claim could not satisfy amount in controversy even if punitive damages were awarded)(attached as Exhibit "I"); Antonio Fabritis v. United Wisconsin Life Insurance Company, et al., Civil Action Number 02-T-820-N in the United States District Court for Middle District of Alabama (Nov. 1, 2002); Vivian Gadson v. United Wisconsin Life

Insurance Company, et al., No. 02-T-793-N (M.D.Ala. Aug. 26, 2002). In the case at hand, Defendants have similarly failed to meet their burden, therefore, this case is due to be remanded.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully urges this Honorable Court to remand this action to the Circuit Court of Macon County, Alabama.

                                    /s/ Charles Lance Gould
                                    C. LANCE GOULD (GOU007)
                                    Attorney for Plaintiff

**OF COUNSEL:**

**BEASLEY, ALLEN, CROW,**
**METHVIN, PORTIS & MILES, P.C.**
Attorneys at Law
Post Office Box 4160
Montgomery, AL 36103-4160
(334) 269-2343
(334) 954-7555 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of March, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

/s/ Charles Lance Gould
OF COUNSEL


Jeffrey M. Grantham
John Thomas Aquina Malatesta, III
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618
205-254-1035
Fax: 205-254-1999


David Elliott
Robert H. Rutherford
Matthew T. Mitchell
Burr & Forman LLP
Suite 3100 SouthTrust Tower
420 North 20th Street
Birmingham, AL 35203
Tel:    205-251-3000
Fax:    205-458-5100

17