**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FEB - 8 2002

CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

ROBERT T. BENNETT AND       )
ROSEMARY BENNETT,           )
                            )
        Plaintiffs,         )
                            )
v.                          )       CIVIL ACTION 02-D-120-N
                            )
AMERICAN MEDICAL SECURITY,  )
et al.,                     )
                            )
        Defendants.         )

O R D E R

Defendants have removed the present action from the Circuit
Court of Barbour County, Alabama. (Doc. No. 1.) In instances
such as these, "the burden of proving jurisdiction lies with the
removing defendant." Williams v. Best Buy Co., Inc., 269 F.3d
1316, 1319 (11th Cir. 2001). In support of their contention that
jurisdiction is proper pursuant to 28 U.S.C. § 1332, Defendants'
Notice of Removal argues to great length that one of their own
has been fraudulently joined; but for this Alabama citizen,
complete diversity of citizenship would be found. (Doc. No. 1.)
However, "[w]here, as here, the plaintiff has not pled a specific
amount of damages, the removing defendant must prove by a
preponderance of the evidence that the amount in controversy
exceeds the jurisdictional requirement" of $75,000. Williams,
269 F.3d at 1319. Defendants have merely offered a blanket
assertion in a footnote that they have satisfied their "heavy"

**EOD**  2/8/02

EXHIBIT
H          7

burden.  Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).
The Eleventh Circuit has explicitly held that a "conclusory
allegation in the notice of removal that the jurisdictional
amount is satisfied, without setting forth the underlying facts
supporting such an assertion, is insufficient to meet the
defendant's burden."  Williams, 269 F.3d at 1319-20.  As such,
the court concludes that it lacks jurisdiction over the present
matter.[1]

Accordingly, it is CONSIDERED and ORDERED that this action
be and the same is hereby REMANDED to the Circuit Court of
Barbour County, Alabama, pursuant to 28 U.S.C. § 1447(c).

The Clerk of Court is DIRECTED to take all steps necessary
to effectuate said remand.

DONE this  8th  of February, 2002.


UNITED STATES DISTRICT JUDGE

_____

[1] Although the Williams court held that "a district court
may properly consider post-removal evidence in determining
whether the jurisdictional amount was satisfied at the time of
removal," this was permissive rather than mandatory language.
The court does not believe that considerations of judicial
economy favor a "shoot first, ask questions later" policy by
which unsupported assertions in the Notice of Removal can provide
the basis for subsequent satellite proceedings surrounding the
court's limited jurisdiction over state concerns.  Therefore, the
remand of the present matter is appropriate at this juncture.