IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

GEORGE MASON,                          )
                                       )
        PLAINTIFF,                     )
                                       )
v.                                     )    CASE NO.: 3:05-cv-752-MEF
                                       )
AMERICAN INTERNATIONAL GROUP,          ) (WO - Not Recommended for Publication)
INC., *et al.,*                        )
                                       )
        DEFENDANTS.                    )

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

A motion to remand (Doc. # 14) brings this case before the court.  Such motions are quite

common in this part of the world, especially in the numerous fraud cases filed here.  Consequently,

there is no shortage of precedent, some of it binding and some of it not, to inform this court's

decision in this matter.  Having considered the many arguments raised by the parties to this case, the

binding precedent, and the most persuasive of the other authorities argued the court finds that the

motion to remand is due to be GRANTED.

In 1993, George Mason ("Plaintiff"), a resident of Alabama, borrowed money from one or

more of the corporate entities named as defendants to this action by entering into one or more loan

agreements with them.  Plaintiff has alleged that during the transactions regarding the loans at issue

in this lawsuit, an Alabama resident, Kathie Rowell ("Rowell"), acted as an agent of the corporate

defendants, all of which are foreign companies.  According to the allegations of the complaint,

sometime after July 7, 2003, Plaintiff discovered that Rowell had misled him about certain

information relating to these loans.  On July 7, 2005, Plaintiff  filed suit against American

International Group, Inc., American General Corporation, American General Finance Inc., American General Finance Corporation, Merit Life Insurance Company, and Rowell in the Circuit Count of Macon County, Alabama.  In his complaint, Plaintiff asserted claims for fraud (Count One), negligent and/or wanton hiring, training, or supervision of Rowell (Count Two), breach of fiduciary duty (Count Three), and negligent or wanton misrepresentation (Count Four).

On August 8, 2005, American General Financial Services of Alabama, Inc., American General Finance Corporation, Merit Life Insurance Company, Rowell and Kennedy jointly filed a Notice of Removal (Doc. #1), invoking this court's subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.  American International Group, Inc. and American General Corporation filed written notice of their joinder in and consent to the removal (Doc. # 2).  In support of their assertion that this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, Defendants argue that Rowell was fraudulently joined.

## II.  REMAND STANDARD

Federal courts are courts of limited jurisdiction.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983).  As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.  The party seeking removal has the burden of establishing that subject matter jurisdiction exists and removal is appropriate. *See Burns*, 31 F.3d at 1095.  Because federal court jurisdiction is limited and removal jurisdiction raises significant federalism concerns, the Eleventh Circuit Court of Appeals has held that it favors remand of removed cases when federal jurisdiction is not absolutely clear, explaining that

2

"removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id.*

### III. FACTS

The facts alleged in the complaint or established by the evidentiary submissions, as they pertain to the Motion to Remand, are as follows:

Plaintiff entered into several loans with the Defendants in or about 1993. Rowell made representations to Plaintiff during these transactions. Plaintiff has alleged that the following representations were made: (a) that if he purchased the credit insurance offered to him, his score/rating would be better and he stood a better chance of getting the loan he requested; (b) that the best way for him to save money would be to refinance previous loans into a single loan and Defendants refused to allow Plaintiff to have a separate loan; and (c) that credit insurance was a good deal and offered great value and protection. Compl. at ¶¶ 11-14. Plaintiff has alleged that these representations were fraudulent.

The parties have submitted to the court documents relating to a loans taken out by Plaintiff in 1993. While the specifics of the loan information in these documents are different, the disclosures in them are identical. Both documents informed Plaintiff that credit life insurance and credit disability insurance are not required to obtain credit and will not be provided unless he signed and agreed to pay the additional cost. Both documents also informed Plaintiff of his right to cancel the credit insurance coverages if he so desired and

receive a refund.  On both sets of documents, Plaintiff signed under the statement indicated that he wanted credit life and disability insurance.

## IV. DISCUSSION

An action filed in state court may be removed to federal court based upon diversity or federal question jurisdiction.  *See* 28 U.S.C. § 1441(a), (b).  Defendants argue that this court diversity jurisdiction exists over this lawsuit.

The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently in excess of $75,000, is met.  28 U.S.C. § 1332(a).  "Therefore, where parties are diverse and the amount in controversy is sufficient, a defendant has the statutory right to remove an action from state court to federal court."  *Moss v. Voyager Ins. Co.,* 43 F. Supp. 2d 1298, 1300 (M.D. Ala. 1999).  However, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction."  *See* 28 U.S.C. § 1447(c).

To satisfy diversity, not only must a plaintiff be a citizen of a state other than the state of which one defendant is a citizen, but also, under the rule of "complete diversity," no plaintiff may share the same state citizenship with any defendant.  *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).  Because of the complete diversity requirement for subject matter jurisdiction based on diversity of citizenship, a plaintiff may prevent removal simply by joining a defendant who shares the same state citizenship as the plaintiff.  The

4

filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal is called a "fraudulent joinder." Courts may disregard the citizenship of fraudulently joined defendants when assessing the existence of complete diversity. *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)[1]; *see also Thomas v. Jim Walter Homes, Inc.*, 918 F. Supp. 1498 (M.D. Ala. 1996).

The Eleventh Circuit applies a threefold test for determining whether a defendant has been fraudulently joined: the removing party must show either (1) that there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court, (2) that the plaintiff fraudulently pleaded jurisdictional facts, or (3) where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the nondiverse defendant. *See Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir. 1998).

The burden of proving fraudulent joinder rests with the removing parties. *See Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). A claim of fraudulent joinder must be supported by clear and convincing evidence. *See Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962), *cert. denied*, 376 U.S. 949 (1964). In evaluating whether there has been fraudulent joinder, all allegations and submissions must be viewed in the light most favorable to the plaintiff. *See Crowe*, 113 F.3d at 1538. In fact, "the district court should resolve all

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. Nov. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

questions of fact and controlling law in favor of the plaintiff. . . ." *Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

In this case, Defendants argue that there is no possibility that Plaintiff can establish a cause of action against the resident defendant, Rowell, in state court.[2]  Defendants have argued that Plaintiff cannot establish reasonable reliance in support of his fraud claim and that his claims against Rowell are time-barred by the two-year statute of limitations.[3]  In response, Plaintiff contends that the fraud claims asserted in the complaint state a claim against Rowell, sufficient to withstand the fraudulent joinder standard.  The court addresses these two arguments together because Plaintiff's response to the argument that his claims are time-barred is based on a reasonable reliance argument.

"In actions seeking relief on the ground of fraud where the statute has created a bar, the claim must not be considered as having accrued until the discovery by the aggrieved party of the fact constituting the fraud, after which he must have two years within which to prosecute his action."  Ala. Code § 6-2-3 (2005).  In *Foremost Ins. Co. v. Parham*, 693 So. 2d 409, 417, 421-422 (Ala. 1997), the Alabama Supreme Court re-affirmed that the two-year

---

[2]  Defendants also argue that Plaintiff's counsel has manipulated the complaints in this and other similar matters in a transparent attempt to defeat Defendants' valid fraudulent joinder argument.  While such allegations are certainly troubling, this court cannot say that this argument establishes a proper predicate for denying Plaintiff's motion to remand.  The conduct of all counsel in these cases is subject to the requirements of Rule of 11 of the Federal Rules of Civil Procedure (while the case is pending in this court) and the Alabama Rules of Civil Procedure (before a case is removed or after it has been remanded).

[3]  Defendants also contend that Rowell was fraudulently joined because Plaintiff's claims against them are barred by the doctrine of laches.  The court does not agree.

6

limitations period for fraud claims begins when the alleged victim discovered or should have discovered the fraud under a "reasonable reliance" standard. The court certainly agrees with the general proposition, applied in cases from this court and others cited by the Defendants, that where documentation contradicts alleged oral misrepresentations, generally a plaintiff should have discovered the alleged fraud upon receipt of the documents, and could not reasonably rely on representations to the contrary. *See, e.g., Owens v. Life Ins. Co. of Ga.*, 289 F. Supp. 2d 1319, 1325 (M.D. Ala. 2003). This court cannot conclude, however, that that general proposition necessarily applies to all of the fraud claims in this case.

Defendants in this case argue, citing to Plaintiff's loan documents, that the documents disclose all of the relevant financial terms so that he could have ascertained whether refinancing prior loans and consolidating existing debt was in his best interest. They also argue that the premiums for insurance products were disclosed so that he could ascertain whether the product was a good deal. Finally, Defendants also point to a disclosure in the loan documents that credit life insurance is not required to obtain a loan and that it could be cancelled.

Plaintiff contends that he has no training in financial matters, had no reason to suspect that Defendants had misrepresented the true nature of the loan and insurance transactions, and that the loan documents do not contradict representations made by Defendants so that Plaintiff could have discovered the misrepresentations by reading the loan documents.

The court has reviewed the allegations of the complaint and the loan documents submitted by Defendants. Particularly with regard to the alleged representation that if Plaintiff purchased credit insurance, his score/rating would be better and he stood a better chance of getting the loan he requested, the court cannot agree that Plaintiff's reliance is unreasonable in light of the disclosures in the documents he received that credit insurance was not required and could be cancelled. Telling a borrower that purchasing insurance would increase the likelihood of getting a loan is a different matter than telling him such insurance is optional and could be cancelled. Moreover, with respect to the other misrepresentations alleged in the complaint, there is at least a possibility that a state court would find that the disclosures in the loan documents do not contradict the alleged representations. This court cannot say under the fraudulent joinder standard that a state court would find that the documents identified as having been provided to Plaintiff contradict the representations allegedly made by Rowell or that the documents Plaintiff received gave him reason to suspect that Rowell had misrepresented the true nature of the loan and insurance transactions.

Given the Eleventh Circuit policy favoring remand of removed cases where federal jurisdiction is not absolutely clear, *Burns v. Windsor Ins. Co.*, 31 F.3d at 1095, and the standard applicable in the fraudulent joinder context, this court cannot conclude that there is no possibility Plaintiff could establish any fraud claim against any of the resident defendants in state court despite the defenses of the statute of limitations and alleged inability

to establish reasonable reliance.  Thus, Rowell has not been fraudulently joined and her presence in this suit destroys complete diversity.  For this reason, remand is appropriate.[4]

## V. CONCLUSION

For the reasons discussed in this Memorandum Opinion and Order, it is hereby ORDERED as follows:

(1)     Plaintiff's Motion to Remand (Doc. # 14) is GRANTED.

(2)     This case is REMANDED to the Circuit Court of Macon County, Alabama.

(3)     The Clerk is DIRECTED to take appropriate steps to effect the remand.

(4)     Plaintiff's Motion to Stay Defendants' Motion to Dismiss (Doc. # 13) is DENIED as MOOT.  Any other pending motions are left for resolution by the Circuit Court of Macon County, Alabama.

DONE this the 9th day of March, 2006.


_____
/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE


---

[4] Therefore, it is not necessary for the court to address the parties' arguments concerning whether the so-called "common defense rule" has some application to this case or whether the requisite amount in controversy is present in this case.

9